## OUTLOOK CO. v. PRESTO CLOTH MFG. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. August 3, 1920.)

No. 3392.

Patents ⊂⟩328—993,816, for wind shield cleaner, not clearly shown infringed.

Refusal of a preliminary injunction against infringement of the Beitman patent, No. 993,816, for a wind shield cleaner, held, on the record, within the discretion of the court notwithstanding prior decisions sustaining the patent.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Suit by the Outlook Company against the Presto Cloth Manufacturing Company and others. From an order denying a preliminary injunction, complainant appeals. Affirmed.

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles E. Brock, of Cleveland, Ohio (Hull, Smith, Brock & West, of Cleveland, Ohio, on the brief), for appellant.

George E. Kirk and Alex L. Smith, both of Toledo, Ohio, for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The court below denied a motion for preliminary injunction in an infringement suit upon the Beitman patent, No. 993,816, dated May 30, 1911, for a wind shield cleaner. The same patent had been sustained and injunctions granted against other infringers in earlier cases; one before Judge Westenhaver, in the Northern district of Ohio, and one before Judge Hand, in the Southern district of New York. In the former, there was an opinion discussing the validity and scope of the patent; the latter seemingly was merely supplementary to the earlier one. The present appeal is upon the theory that validity and infringement are so far established by these decrees and are otherwise so clear that it was an abuse of discretion to deny the preliminary injunction.

In certain weather conditions, the outside of the glass wind shield, in front of the driver of an automobile, becomes obscured by rain, mist, snow, etc., and, in order to maintain his clear vision, it must be occasionally cleaned by some device which can be operated by him from the inside. The sixth claim of the Beitman patent sufficiently indicates his construction. It is:

"The combination, with an upright window pane or transparent screen forming a wind shield, of a shaft arranged above and transversely of the top edge of the pane or screen, which shaft terminates at the outer side of the pane or screen in a depending arm, which is spaced from the pane or screen, said shaft terminating at the inside of the pane or screen in a downwardly projecting lever which is spaced from the pane or screen and arranged substantially parallel with the aforesaid arm, a suitably supported bracket bearing the shaft, and a wiper arranged between the aforesaid arm and the outer edge of the pane or screen, and extending longitudinally of and connected to the said arm."

The other claim in suit, No. 1, differs chiefly from claim 6 in that it requires that the shaft-bearing bracket shall be adjustable longitudinally of the edge of the screen, and does not specify any downwardly projecting lever from the inner end of the shaft. It should be added that, in the construction shown in Beitman's drawing, and fully described in the specification, the shaft which extends transversely of the screen edge and the downwardly projecting wiper holder on the outside and the downwardly projecting lever upon the inside comprise one continuous metal rod, substantially U-shaped, but with a double right-angled bend at the central portion, in order to make the transverse shaft, and with a spring tension toward each other between the two depending inside and outside members. The inside as well as the outside arm is in spring contact with the glass, and thereby the necessary constant spring pressure of the wiper against the outside is maintained. This limitation to the unitary construction of inside and outside members and transverse shaft is not found in claim 1, and is not expressly

stated in claim 6; but it is not difficult to imply it from the language of the latter claim.

An examination of Judge Westenhaver's opinion in the former case shows that, in discussing the references and reaching the conclusion that the claims of Beitman embodied patentable invention, he placed some force, not only upon this mutual spring action of the two depending arms, but upon several other matters of detail tending to simplicity and efficiency, either of attachment or of operation, in which Beitman differed from the references, and in which the construction of the defendant in that case was to be classified with Beitman. The construction used by the defendant in this case does not involve such a unity of transverse shaft and depending arms, and differs from Beitman in some other particulars, which were considered by Judge Westenhaver as deserving mention in distinguishing between Beitman and the prior art. Further, the present record contains additional instances of patents issued, or at least carried back, earlier than Beitman, and a further instance of a device upon the market before Beitman, and which is alleged to have an important bearing on the issues.

It is clear enough that, except for the prior decision, the refusal of the District Judge to grant a preliminary injunction in this case would be well within the limits of discretion; and we think the differences between the former record and the present one are sufficient to make a basis for a discretionary refusal of the writ in the present case. Further than that we do not think it best to go upon this preliminary record.

The order below is affirmed.