## ROUSSO v. FIRST NAT. BANK OF DETROIT et al.

(Circuit Court of Appeals, Sixth Circuit. March 13, 1923.)

No. 3770.

1. **Appeal and error ⬅⇒954(1)—Preliminary injunction not disturbed, unless discretion was exercised on wrong comprehension.**

   Orders granting or denying preliminary injunction will not be disturbed, unless it clearly appears that the court below has exercised the discretion vested in it on a wholly wrong comprehension of the facts or law of the case.

2. **Patents ⬅⇒297(2)—Preliminary injunction granted, where patent has previously been infringed and infringement clear.**

   It is a general rule that, where the validity of a patent has been repeatedly sustained in the courts, and infringement is clear, the judicial discretion should be exercised in favor of the issuance of the preliminary injunction.

3. **Patents ⬅⇒328—1,157,046, claims 1–3, 5, for towel cabinet, held not so clearly infringed as to require preliminary injunction.**

   The Rousso patent, No. 1,157,046, claims 1–3, 5 for a towel cabinet one element of which was a retaining member extending upwardly from the towel support *held* not so clearly infringed by defendant's device, which substituted a chain for the rigid member of the patent, and had no means for causing the chain to extend upwardly from the support, except when it was raised by the towels thereon, as to show abuse of discretion in denying a preliminary injunction, though the patent had been previously sustained by the courts.

4. **Patents ⬅⇒301(1)—Court has discretion to deny preliminary injunction, if reasonably in doubt as to infringement.**

   If the court is reasonably in doubt as to whether defendant's device infringes plaintiff's patent, its refusal to grant a preliminary injunction is well within the limits of its judicial discretion.

5. **Patents ⬅⇒324(5)—Requirement defendant give bond held not to show court regarded infringement as clear.**

   The requirement that defendant give bond to secure plaintiff does not indicate that the lower court regarded infringement by defendants as clear, so as to require the issuance of a preliminary injunction, where no opinion was filed and the record contained a recital from which it might be inferred that defendants voluntarily offered to give the bond.

6. **Patents ⬅⇒324(5)—It is presumed trial court has observed pertinent rules.**

   The Circuit Court of Appeals will presume, in the absence of evidence to the contrary, that the trial court has observed the rules pertinent to the hearing of a motion for preliminary injunction to restrain infringement of patent.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity for infringement of a patent by Jacques Rousso against the First National Bank of Detroit and another. From an order denying a motion for preliminary injunction, plaintiff appeals. Affirmed.

Joshua R. H. Potts, of Chicago, Ill. (Brayton G. Richards, of Chicago, Ill., and Thomas S. Donnelly, of Detroit, Mich., on the brief), for appellant.

⬅⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Edward N. Pagelsen, of Detroit, Mich. (Codd, Bishop & Kilpatrick, George P. Codd, and Arthur W. Kilpatrick, all of Detroit, Mich., on the brief), for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Appeal from an order denying a motion for preliminary injunction in suit for infringement of United States patent No. 1,157,046, October 19, 1915, to Jacques Rousso, on a towel cabinet for supplying individual towels successively to respective users. The patent discloses a device containing an elevated shelf carrying a package of towels laid flat. Through an eyelet in the front edge of each towel there extends upward from the forward part of the shelf a rod which arises above the towels, then forward and downward past the shelf, then into a receptacle where the towels fall after being used, being there retained on the conducting rod until released. The claims in suit are Nos. 1, 2, 3, and 5. We reproduce in the margin claim 1, which is the broadest, and claim 3, which is as narrow as any.[1]

[1, 2] The general rule governing the review of appeals from orders granting or denying preliminary injunction is that the order will not be disturbed unless it clearly appears that the court below has exercised the discretion vested in it upon a wholly wrong comprehension of the facts or law of the case. Thomson-Houston Elec. Co. v. Ohio Brass Co. (C. C. A. 6) 80 Fed. 712, 730, 26 C. C. A. 107; Interurban Ry., etc., Co. v. Westinghouse Co. (C. C. A. 6) 186 Fed. 166, 170, 108 C. C. A. 298. But it is also the general rule that, where the validity of a patent has been repeatedly sustained in the courts and infringement is clear, the judicial discretion should be exercised in favor of the issue of preliminary injunction.

[3] The patent in issue has been sustained in several cases, and in two reported cases the claims here in question have been held infringed. Rousso v. City Towel Supply Co. (D. C.) 242 Fed. 655; Chicago Towel Co. v. Rousso (C. C. A. 7) 248 Fed. 693, 696, 160 C. C. A. 593. The important question thus is whether in the instant case infringement is clear. The alleged infringing structure consists of a shelf to which is rigidly attached a chain, which above the shelf and above the point of attachment thereto passes through the eyelets near the front edge of a pile of towels resting on the shelf; the chain after leaving the towels passing loosely down in front of and to a point below the shelf, and acting as a conductor for the used towels.

[1] "1. In a device of the class described, a towel support, and a retaining member extending upwardly from said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described."

"3. In a device of the class described, an elevated towel support, and a retaining member extending upwardly from said support and then downwardly sufficiently below said support, said retainer being provided below said support with a substantially vertical portion of considerable length to constitute a suitable guide for a towel while in use, substantially as described."

Another patent was included in the suit, but review is not sought of the order denying injunction, so far as that other patent is concerned.

There is no rod or other rigid member passing through or supporting the pile of towels, as in the preferred embodiment of the patent. Each of the claims in suit includes the element of "a retaining member extending upwardly from said support," and in identical language. It is evident that the alleged infringing device has no permanent member extending upwardly from the support, and that when the supply of clean towels is exhausted no member whatever so extends. Indeed, the flexible chain is made to extend upwardly through the towels only by the towels themselves.

This specific structure has never been held to infringe. The nearest approach is in Chicago Towel Co. v. Rousso, supra, in which infringement was found in a structure in which, while having no rod employed as a means for retaining the towels, the bringing and holding of the chain upward through the towels and then forward was accomplished by means of a front door of the cabinet extending above the stack of towels, at the upper edge of which door a rod extended parallel with and across the front door, an inch or so forwardly from the front thereof. The top of the door being higher than the stack of towels, the chain was thereby caused to rise and was held above the towels over the top edge of the front door, and over the projecting rod. The chain was thereby held in its upright position by a positive and independent device disconnected from the towels. The court, which found the question of infringement in the structure there involved "not free from difficulty," was careful to disclaim deciding that "the employment of a chain or similar device for stringing and locking the towels necessarily infringes on Rousso's gooseneck rod combination," limiting its conclusion of infringement to a structure "employed as it is in the particular device of appellant, held while in use upward and forward."

[4] In view of the disclosure of the patent and the language of the claims, as applied to the structure here in question, and having in mind the disclaimer referred to in the case just cited, we are by no means able to say that the District Court might not and did not properly entertain serious doubts whether the structure here in issue is an infringement. If reasonably in such doubt, the court's refusal to grant temporary injunction was well within the limits of judicial discretion. Outlook Co. v. Presto Cloth Mfg. Co. (C. C. A. 6) 267 Fed. 193.

[5] Plaintiff contends, however, that the fact that defendants were required to give bond conclusively shows that the court regarded infringement clear. We cannot accede to this proposition. No opinion was filed or announced. The record, by which alone we must be governed, contains nothing pertinent to the subject, except that the order denying the motion for injunction recites that the bill, affidavits, and arguments of counsel "having been duly considered by the court and argument of counsel having been heard for all parties, certain promises having been made by defendants in open court including the filing of a bond within five days, now, therefore, it is hereby ordered, adjudged," etc. We find nothing in this record inconsistent with the existence of serious doubt in the court's mind on the subject of infringement, and thus as to the propriety of granting

preliminary injunction, a disposition to deny being confirmed by the promise (possibly a voluntary offer) of defendants to give bond, thus protecting plaintiff against possible injury, just as the court might for like protection of defendants have required a bond from plaintiff.

[6] In our opinion we should presume, in the absence of evidence to the contrary, that the trial court has observed the rules pertinent to the hearing of motion for preliminary injunction. It is thus unnecessary to consider whether the bond given is subject to plaintiff's criticism of failure to afford ample protection.

We do not, upon this record, attempt to decide the meritorious question of infringement. That question will be entirely open on final hearing. We content ourselves with holding that it does not clearly appear that the trial judge in refusing preliminary injunction failed properly to exercise the judicial discretion vested in him in that regard. We therefore have not undertaken to state all the considerations, pro and con, affecting the question of infringement.

The order of the District Court is affirmed.