## SAUNDERS v. PIGGLY–WIGGLY CORPORATION.

## PIGGLY–WIGGLY CORPORATION v. SAUNDERS.

Circuit Court of Appeals, Sixth Circuit. July 18, 1924.

Nos. 4143, 4144.

FitzHugh, Dixon & Osoinach, of Memphis, Tenn., for plaintiff.

Miles, Waring & Walker, G. T. Fitzhugh, and J. W. Farley, all of Memphis, Tenn., for defendant.

Before DENISON and DONAHUE, Circuit Judges, and HICKENLOOPER, District Judge.

DONAHUE, Circuit Judge. Cause No. 4143 is an appeal from an order and decree granting a temporary injunction in an action pending in the District Court in which the plaintiff, the Piggly-Wiggly Corporation, asks a perpetual injunction restraining the defendant, Clarence Saunders, from doing and performing certain acts claimed to be in violation of the terms and conditions of two separate contracts made and entered into between the Piggly-Wiggly Corporation and

Saunders. Cause No. 4144 is a cross-appeal from the same decree.

The plaintiff's bill for an injunction avers, in substance, that prior to the year 1918, Saunders procured valuable patents from the United States government and many foreign countries covering a system of merchandising known as the Clarence Saunders Self Serving Store; that he also obtained a copyright and trade-mark of the name "Piggly-Wiggly" as a designation of stores using this system; that he thereupon installed over the United States a chain of self service retail grocery stores under this system known as the "Clarence Saunders Self Serving Stores," and entered into license contracts with individuals and corporations in a great number of cities and towns in the different states for the operation of retail grocery stores, which stores in pursuance of such licensed contracts were opened and are now being operated; that in September of 1918, defendant caused to be organized and incorporated under the laws of the state of Delaware the Piggly-Wiggly Corporation, the plaintiff in this action; that for and in consideration of $550,000 in cash and 15,000 shares of no par value common stock of said corporation, Saunders sold to the Piggly-Wiggly Corporation the property described in his written proposition of sale as "my business, and the good-will belonging thereto, established and built up by me under my own name and the name Piggly-Wiggly, comprising the establishing, operating, and the licensing of agents and subsidiary concerns to operate, Piggly-Wiggly Stores, and to use my trade-name, copyrights and inventions appertaining to such stores in the operation of the business, together with the right to operate under my United States patent No. 1,242,872, dated October 19, 1917. * * * All licenses granted under said patent to date and all beneficial interest therein. All trade mark contracts granted to agents to this date and all beneficial interest therein; certain applications for other United States Letters Patents now pending in the United States Patent Office for me in connection with Saunders Self Serving Store. * * * Certain other applications for patents in the course of preparation and to be filed, all relating to inventions and instrumentalities for use in connection with the operation of Piggly-Wiggly Stores and the business connected therewith. Any other inventions which I have made or may make hereafter in instrumentalities relating to and for the purpose of the business aforesaid in the United States and will agree, at the expense of the said Corporation, to file applications for United States patents for such inventions and to make proper agreements for the use thereof by the said corporation in connection with Saunders Self Serving Stores; also all copyrights registered or to be registered by me for subject matters relating to said business; also all trade-mark rights, both under United States statutes and under the common law, relating to or in connection with said business; also all beneficial rights under any other existing contracts relating to said business which I now hold with any one." That on the 25th day of August, 1919, the plaintiff purchased from the defendant certain foreign patents and applications for patents and interests described in a resolution adopted on that date by the stockholders of said company, for which it paid the defendant the sum of $210,000 in cash and issued to him 35,000 shares in stock; that prior to the contracts of sale by the defendants to plaintiff, defendant had extensively advertised his own name as the originator and inventor of self service stores described in said contracts as the Saunders Self Serving Store; that after the execution of said contracts the plaintiff extensively advertised the patents and patent rights thereto as having been invented by Clarence Saunders; that after said plaintiff had purchased the property hereinbefore described from Saunders, that Saunders continued as its president, and as the president of the Piggly-Wiggly Stores Incorporation, a company organized by Saunders in 1919, under the laws of Virginia, which corporation obtained a license contract from the plaintiff corporation and opened and began to operate, and is now operating, a large number of stores; that as president of both of these companies Saunders advertised the name of Clarence Saunders as the originator of the system as extensively as he advertised the name Piggly-Wiggly, so that in the public mind the Piggly-Wiggly system was and is connected with the name of Clarence Saunders and the Clarence Saunders Self Serving Stores, both of which names, by reason of said advertisement, are valuable property rights. It is further averred that the defendant has applied for patents for what he terms a new system of self serving stores and is about to apply for a charter in some one of the states to be known as the Clarence Saunders Corporation, and also for a corporation to be known as the Clarence Saunders Stores Corporation and to have a copyright or trademark with a designation of some kind or description as Clarence Saunders System or Clarence Saunders Stores; that it is the purpose of defendant to operate said stores and

said corporation on the same principle of licensing operators as the plaintiff is now operating, and that defendant publicly states that he expects to organize a corporation for that purpose, capitalized with 50,000 shares of no par stock and sell to the public 10,000 shares at $50 a share and himself retain the remainder; that defendant has announced his intention to open a self service store in the city of Memphis, Tenn., at the northwest corner of Third street and Madison avenue, being one of the most prominent corners in the city of Memphis, for the sale of the same character of merchandise as sold by the Piggly-Wiggly Stores, Incorporated, and by the independent operators of plaintiff, and that he has put on the outside of the building in which he proposed to open this store the following: "Clarence Saunders Stores System;" that he has also painted a sign thereon as follows: "A New Invention—A New Store Originated by Clarence Saunders to Open Here March 7, 1924." It is further averred that the entire interior arrangement of said store is to be practically identical with the interior of the stores owned and operated by plaintiff and sold to plaintiff by defendants and known as the Clarence Saunders Self Service System of Stores. Plaintiff further avers that it purchased the good will of said business and the right to use without interference by the defendant or others in its advertising the fact that this system of self serving chain stores was originated by Clarence Saunders; that it purchased and has the right to use without interference by defendant or others in its advertising the designation of these stores as Clarence Saunders Self Serving Stores. There are a number of other averments that need not be here stated. The plaintiff prays that the defendant be restrained from in any way using in connection with a store or self service stores, any duplicate of the arrangement of said stores as they existed when it purchased said rights and that defendant should be required to transfer, assign, and convey to it any patents that he may have procured that in any way constitute an improvement or in any way relate to self service stores in their interior arrangement or otherwise; and that the plaintiff may be enjoined from doing any of the things that will in any way interfere with the right of the plaintiff by the use of names and trade-marks, license, contracts, and good will of plaintiff's business.

The defendant for answer denies that he has procured patents covering a system of merchandising known as Clarence Saunders Self Serving Stores, or that he obtained a copyright and trade-mark for the trade-name "Piggly-Wiggly"; that he installed a chain of stores known as Clarence Saunders Self Serving Stores; that he ever entered into any contract providing for the opening of any retail grocery stores to be known as the Clarence Saunders Self Serving Stores; that he sold or proposed to sell to the plaintiff the use of his name or the right at any time to engage individually or to organize a corporation using his name to engage in merchandising, but that he did sell to the plaintiff the exclusive right to use the name Piggly-Wiggly and any good will attached to or resulting from the use of that name. He further denies that he adopted or intends to use the trade-name "Clarence Saunders Self Serving Store," but on the contrary intends to use the trade-name "Clarence Saunders Stores System," and admits that he intends to open a grocery store at the northwest corner of Third street and Madison avenue in Memphis, Tenn., but denies that the entire interior arrangement of said store is to be practically identical with the interior of the stores owned and operated by plaintiff. He admits the right of the plaintiff to advertise its system of self service chain stores as the system originated by Clarence Saunders, but denies that he sold the right to use his name as a trade-name or trade-mark, and avers in his answer that his loss will be irreparable if he be restrained from proceeding to open this store and conduct business as contemplated.

A temporary restraining order issued, and on March 18th this restraining order was continued for 10 days from and after the 18th of March, and on March 28th it was further extended to and including March 31st. From this order an appeal was taken by defendant upon the theory that the extension of the restraining order was, in effect, a temporary and interlocutory injunction.

It appears from the order allowing this appeal, but not otherwise, that upon the execution by plaintiff of a further bond in the sum of $5,000 the court ordered that pending the appeal the temporary restraining order should continue in force to the extent of restraining defendant from opening, operating, or conducting any character of store or stores wherein he may seek to use any of the articles, instrumentalities, means, or methods embraced in the express terms of the contracts made the basis of this suit in use in connection with or appertaining to Piggly-Wiggly Stores; from using in any store or stores any inventions or new instrumentalities or new means or methods the

product of the intellect of defendant, made by him or any other person for him which fall within and are embraced by the terms of said contracts to which plaintiff is by such contracts entitled whether the same shall relate to the exterior or interior arrangement of such store or stores or to the means or methods used in the operation thereof. However, the writ shall not prohibit defendant from engaging in the mercantile business or from using self serving stores or self serving methods in connection with such stores as were in common use at the time of the execution of said contracts, and which do not fall within the scope of any of the patents, inventions, trade-marks, trade-names, instrumentalities, means, or methods conveyed to plaintiff by defendant by said contracts, nor shall it prohibit defendant from the use of his own name in the operation of any such store or stores provided his name shall not be used so as to cause it to appear that 'it is the Saunders Self Serving System of Stores or the Saunders Self Serving Methods used in connection with such stores as said matters and rights were conveyed in said contracts.

A number of affidavits were filed on behalf of plaintiff and defendant respectively. While the rights of the parties ultimately depend upon the construction of · the terms and provisions of the written contracts, nevertheless, before the rights of the parties are finally adjudicated the court should be fully advised by the evidence of all the facts and circumstances in relation to the business and the patents purchased by the plaintiff from the defendant, so that the scope and purpose of the contracts may be fully understood. An order granting or refusing a temporary injunction is not determinative of the rights of the parties, and may be granted by the court in the exercise of a sound discretion where it appears that the rights of all the parties can be protected by the issuing of an injunction upon the giving of a proper bond in a sufficient amount to compensate the defendant for the damages occasioned thereby. In this respect the party to the suit asking a temporary injunction must assume the risk of obtaining a favorable final decree. Orders granting or denying a preliminary injunction will not be disturbed by this court, unless it clearly appears that the court below has exercised the discretion vested in it on a wholly wrong comprehension of the facts or the law in the case. Rousso v. First National Bank of Detroit et al. (C. C. A. 6) 287 F. 273, and cases there cited.

It is sufficient to say that it does not appear to this court that the trial court has abused its discretion, or has exercised that discretion under a misunderstanding or a wrong comprehension of the facts as they are made to appear by affidavits only, or the law applicable to these facts. There is one particular, however, in which the court, perhaps inadvertently, unduly limited the defendant. At the time Saunders invented the self serving methods sold to the plaintiff, there were then other methods of self serving stores in common use, which might be adopted and used by any one in so far as the Piggly-Wiggly Corporation was concerned. That being true, Saunders could not sell to plaintiff other methods that were in common use, and his contract of sale would in no wise bar him from the use of those methods in any retail stores that he might open thereafter.

While the court recognized the right of Saunders to use these other methods, it overlooked the possibility that there may have been some improvements in self service methods other than the Piggly-Wiggly methods, that were in common use at the time of the execution of this contract of sale, and if so, and the same do not infringe upon the Piggly-Wiggly method, then Saunders is entitled to make use of such improvements and to that extent this temporary injunction will be modified.

From the order modifying the original and supplemental restraining order the plaintiff has filed a cross-appeal. The same rule applies to an order denying or modifying a preliminary injunction that applies to an order granting the same. It does not appear that the trial court in modifying the original and supplemental restraining orders exercised its discretion under a misunderstanding of the facts or law. There is no express provision in these contracts prohibiting Saunders from engaging in the retail grocery business or from operating self service stores with instrumentalities in common use in self service stores other than the Piggly-Wiggly stores when these contracts were executed, or with any improvements therein that do not infringe the Piggly-Wiggly methods. Nor is there any provision written into these contracts in reference to the right of Saunders to use his own name in connection with such business. It is clear, however, that Saunders may not use his own name in such connection as to deceive the public or deprive the plaintiff of the benefits of the rights, privileges, and good will of the business he originated, extensively advertised and sold to the plaintiff.

The original and supplemental restraining

order as modified, which modification seems to be accepted by all parties, including the trial court, as a temporary injunction, expressly provides that "Saunders must not use his own name in connection with such stores in such a way as to cause it to appear that such stores are the Saunders Self Serving System Stores or the Saunders Self Serving Methods used in connection with such stores as such matters and rights were conveyed in said contracts."

This, we think, is, in general terms, the extent to which Saunders may be enjoined from the use of his own name in connection with the operation of self service stores, and while it may be indefinite in some respects, it would seem to be sufficiently clear to control the conduct of the parties during the pendency of this suit. If however, it should be found insufficient for that purpose the trial court may, upon proper showing, make such specific orders in reference thereto as the protection of the rights of the parties may require.

For the reasons stated, the decree of the District Court, modified as hereinbefore stated, is affirmed. The cost in this court to be equally divided between the parties.