## CHICAGO TOWEL CO. v. ROUSSO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1918.)

No. 2492.

1. PATENTS ⚭328—VALIDITY—INVENTION—ANTICIPATION.

The Rousso patent, No. 1,157,046, claims 1 to 6, for improvements to towel cabinets designed for supplying in public places individual towels for successive users, which consisted of an elevated shelf, on which the towels rest, and a retaining rod which passing through grommets of the

towels as they lie on shelf rises above the stack of towels and then forward and downward past the shelf into a receptacle where the towels fall as used, *held* valid showing invention and not to have been anticipated by the prior art.

2. PATENTS ⬤⟿328—INFRINGEMENT.

The Rousso patent, No. 1,157,046, for improvements in towel cabinets designed for supplying in public places individual towels for successive users, *held* infringed as to claims 1, 2, 3, and 5 by defendant's device in which a chain was substituted for retaining rod.

3. PATENTS ⬤⟿237—INFRINGEMENT—WHAT CONSTITUTES.

Complainant's invention for improvements in towel cabinets, which contemplated a rod arising from the shelf on which the towels were laid and then forward and down into a receptacle so as to hold and guide the towels therein when used, is infringed by a device in which a chain was substituted and made to furnish the same purpose of the rod by reason of a high door in front of the shelf; this being true though there is an advantage in the use of a chain whereby the towels were all fastened together.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Bill by Jacques Rousso against the Chicago Towel Company. There was a decree for complainant, and defendant appeals. Modified and affirmed.

The appeal here concerns United States patent No. 1,157,046 to Rousso October 19, 1915, for improvements in towel cabinets designed for supplying in public places individual towels for successive users. The patent shows a device in which there is an elevated shelf on which towels are laid flat. Each towel has near its front edge an eyelet or grommet through which there extends upward from the forward part of the shelf a rod, which, passing through the grommets of the superposed towels, rises above the towels, then forward and downward past the shelf, then downward into a receptacle where the towels fall as used, but are retained on the rod until they are removed by some authorized person who with key or other device releases them from the rod in order that the used towels may be disengaged therefrom and fresh ones strung upon it and placed upon the shelf. The object is to hold the towels in engagement with the rod, so they will remain in proper place until used, and to prevent loss of towels. The user takes hold of the top towel of those on the shelf, lifts it over the gooseneck-shaped rod, uses it, and having used it drops it, whereupon the rod guides it to the receptacle for soiled towels, where it remains in engagement with the rod until removed as stated.

Claims 1 to 6 are in issue and are as follows:

"1. In a device of the class described, a towel support; and a retaining member extending upwardly from said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described.

"2. In a device of the class described, an elevated towel support; and a retaining member extending upwardly from said support and then downwardly sufficiently below said support to constitute a suitable guide for a towel while in use, substantially as described.

"3. In a device of the class described, an elevated towel support; and a retaining member extending upwardly from said support and then downwardly sufficiently below said support, said retainer being provided below said support with a substantially vertical portion of considerable length to constitute a suitable guide for a towel while in use, substantially as described.

"4. In a device of the class described, an elevated towel support; and a retaining member extending upwardly from said support, then outwardly and downwardly sufficiently below said support, then inclined rearwardly and downwardly under said support and then downwardly substantially vertically

to constitute a suitable guide for a towel while in use, substantially as described.

"5. In a device of the class described, a towel support; and a retaining member extending upwardly from adjacent the outer edge of said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described.

"6. In a device of the class described, a towel support; and a retaining member extending upwardly from adjacent the outer edge of said support, then outwardly and downwardly sufficiently below said support, then inclined rearwardly and downwardly under said support and then downwardly substantially vertically to constitute a suitable guide for a towel while in use, substantially as described."

The defenses urged are noninvention, invalidity on the prior art, and noninfringement.

The decree found the six claims valid and infringed.

Cromwell, Griest & Warden, all of Chicago, Ill., for appellant.

Joshua R. H. Potts, Egbert Robertson, Brayton G. Richards, and Arthur A. Olson, all of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1] The prior art shows a number of structures designed to serve individual towels and to hold them in engagement until released, in order to prevent loss. British patent No. 12,176, to Cassels et al., October, 1907, shows the stack of towels supported on a shelf with a rod extending upwards through the rear part of the shelf and through rings or eyelets in the towels. The towels are so folded that the free end of the lower towel hangs down through an opening in the shelf, and the towels are so interfolded that when the user seizes the downhanging end of the lowest towel of the stack, and draws down the towel, he thereby draws through the opening the end of the next upper towel, leaving that towel likewise ready to be grasped by the next user, and so on until all the towels on the shelf have been used. The used towel, when released by the user, drops down the straight rod, remains in engagement with it at the bottom until the soiled towels are removed. New ones properly folded are placed in position as before.

United States patent to Way, No. 858,931, July, 1907, shows a coin-operated device where the towels hang suspended by rings or eyelets in the towel on a horizontal rod near the top of a box. On depositing the coin the nearest towel so suspended is moved slightly forward on the rod and slides down and downwardly and forwardly inclined continuation of the rod, falling on the bottom of the box. The user reaches into an opening in front of the box, grasps the towel, brings it out, and having used drops it, and it continues its course down the rod and rearwardly into a receptacle into which the rod guides it.

Rousso in his specification points out that his device may also be coin-operated, though he does not specify the mechanism whereby this may be done. Rousso differs from these others in that his towel-retaining member—the rod—rises from the shelf on which the towels rest, passes through the grommets in the forward part of the towels as they lie on the shelf, and above the stack of towels, and then forward and downward below the shelf as described, so that the user grasps and raises up the upper towel, brings it forward, and then downward.

In Cassels' device the rod passes through the rear part of the towel, and it is the lower towel that is grasped and drawn downward, while in Way's the towels do not lie on any shelf, but are all suspended on the rod, and there is no rod rising upward through and above the towels, but the forward towel is moved further forward so that it drops downward upon a shelf or box bottom. While Rousso cannot claim invention in the use of a rod on which the towels are strung and which holds the towels while and after they are used, yet there is a degree of invention as well as of merit in his adaptation of the rod in the combination he describes. We find nothing in the prior art where the rod is so shaped and adjusted that the upper towel of a stack on the shelf must be taken, lifted up and then forward and downward, and is then dropped down into the receptacle, being at all times held on the rod in the manner that Rousso has described.

It is insisted that one Straub conceived a towel rack which shows features of Rousso, and for which United States patent No. 1,038,984, was granted him September 17, 1912. This device shows, secured to a wall of the room a pair of brackets on which is fastened a plate or board a convenient distance from the wall, and on each end of the plate within the inside line of the brackets there is a bail which when locked in position is of inverted U-shape. The bails may be opened and closed very much as they are in letter or bill files in common use. The towels are strung onto these bails hanging over the plate between it and the wall, and the user may take a towel thus suspended, raise it and make use of it, and then drop it down on the front side of the bail where it hangs suspended over the forward edge of the plate, and there remains until removed, unless indeed a user takes one of the soiled forward hanging towels and makes use of it, returning it either to the front, or swinging it over the bails to the rear; the towels after their use begins hanging on both sides of the plate, and the forward towel being in truth the more convenient for the user to grasp. But assuming that the user of the Straub device takes the towel from the rear side, he lifts it upward and forward and drops it down; but he leaves it suspended over the forward edge of the same plate in precisely the same manner as are the towels on the other side. There is in fact no shelf in Straub's in the sense that there is a shelf in Rousso's device, for it is only the edge of his towel which rests on the plate; the towels themselves hanging down both before and after their use. These differences are substantial and eliminate Straub's structure from the prior art. The District Court rightly held the claims valid.

[2, 3] The issue of infringement is not free from difficulty. In appellant's device there is no rod employed as a towel-retaining means, but the towels are threaded upon a chain, the ends of which are locked together. The bunch of towels, presumably so prepared and threaded on the chain at the laundry, are laid flat on an elevated shelf of a cabinet. The chain, passing down through the eyelets of the stack of towels, drops loosely to the bottom of the cabinet. But the chain on the other side does not likewise fall down loosely from over the top of the towels, but on the contrary is carried and held upward above the level of the towel stack, and then forward, and from this point to which it is carried forward it drops down loosely toward the bottom of

the cabinet. The bringing and holding of the chain upward and forward is accomplished by means of a front door of the cabinet which extends part way down from the top, and at the upper edge of which door there is a rod extending parallel with and across the front door an inch or so forwardly from the front of the door. The top of the door is higher than the stack of towels, and the chain rises and is held above the towels, over the top edge of the front door and over this projecting rod. Just below the lower edge of this door the front of the cabinet extends outwardly quite a distance, forming an open top for the extended part, with its front side sloping downward and backward to the front plane of the cabinet, and forming a sort of chute open at its top and leading into the cabinet. The user lifts a cover which is over the top of the cabinet, grasps the upper towel, raises it to the height of the front door, and then forward as far at least as the rod upon the door, and having made use of the towel drops it, and it falls by its own weight into the top of the forwardly projecting chute and backward toward or into the cabinet, remaining all the time attached to the chain. When the towels have been used the laundryman or an attendant removes the bunch, chain, and all, replacing them by clean towels strung and locked upon another chain.

There is evidently advantage and utility in such a chain system, but it may not with impunity be incorporated in a device which infringes the patent of another. While Rousso's patent contemplates a rod as the towel-retaining member, it is apparent that a rope or chain or the like may be so disposed as to be the mechanical equivalent of the rod. Where, as here, the chain is positively held so that it comes up from the level of the shelf through the towels, and is by means of the door held higher than the towels and by means of the rod carried forward, we find that the chain has been so employed as to be the equivalent of the upward, forward and downward bend of Rousso's gooseneck rod, and performs its identical function in substantially the same manner.

But it is claimed that one Fetherolf, prior to Rousso's invention date, designed and used a device showing this chain method for securing and serving individual towels, and that, if appellant's device infringes Rousso, Rousso's patent is in turn thus anticipated in this prior use. Without undertaking to review the evidence on this subject, we are satisfied that the District Court which heard the witnesses properly concluded that the Fetherolf prior use was not sufficiently shown to overcome the validity of Rousso's patent.

We are not required to determine, and we do not decide, that the employment of a chain or similar device for stringing and locking the towels necessarily infringes on Rousso's gooseneck-rod combination; but we do find that, employed as it is in the particular device of appellant, held while in use upward and forward, it is the equivalent of Rousso's gooseneck rod, and presents in appellant's device the full combination of certain of Rousso's claims, thereby infringing.

We find that the infringement is predicable on claims 1, 2, 3, and 5, but not on claims 4 and 6. These last include the element of an extension rearward of the guiding rod, after passing below the level of the shelf. We find nothing in appellant's chain as it hangs over the rod and into the chute, which is the equivalent of the rearward

guide afforded by Rousso's rod as described in these claims. The rearward movement of the towel in appellant's device is accomplished, not by the chain which hangs loosely from the rod across the door, but by the downward and rearward slant of the chute into which the towels drop. Claims 4 and 6 are therefore not infringed.

The decree will be modified in accordance with the views here expressed, and as so modified affirmed, with costs.