## SOLOMON v. ROUSSO (two cases).*

(Court of Appeals of District of Columbia. Submitted March 16, 1921. Decided April 4, 1921.)

Nos. 1403, 1404.

**Patents ☞91(4)—Evidence held to show that exhibit which embodied invention was made before date allowed to adverse party.**

In interference proceedings, evidence *held* to show that an exhibit produced by appellant, which embodied the invention and constituted a full reduction to practice of the device in issue, had been constructed by appellant before the earliest date allowed to the party to whom the Commissioner awarded priority.

Appeals from the Commissioner of Patents.

Two proceedings to determine priority of invention between Harry Solomon and Jacques Rousso and two other parties. From a decision of the Assistant Commissioner, awarding priority to Rousso, Solomon alone appeals. Reversed, and priority awarded to Solomon.

William F. Hall, of Washington, D. C., for appellant.
Joshua R. H. Potts, of Chicago, Ill., for appellee.

SMYTH, Chief Justice. These appeals from decisions of the Commissioner of Patents involve the question of priority with respect to an invention defined by the following counts:

Count 1. In a device of the class described, a towel support and a retaining member extending upwardly from said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described.

Count 2. In a device of the class described, a towel support and a retaining member extending upwardly from adjacent the outer edge of said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described.

There were originally four parties—Fetherolf, Solomon, Rousso, and Brigham. Brigham was successful before the Examiner of Interferences, Solomon before the Examiners in Chief, and Rousso before the Assistant Commissioner. Solomon alone appeals. We have, therefore, to consider only the controversy between him and Rousso.

The Examiner of Interferences refused to give Solomon any date for conception earlier than December 31, 1912, and held that Rousso was not entitled to a date prior to December 13, 1911. The Examiners in Chief held that Rousso had no right to a date earlier than December 22, 1911. Thus they and the Examiner of Interferences are in accord in holding that Rousso is not entitled to any date earlier than December 13, 1911. But the Examiners in Chief, differing from the Examiner of Interferences, gave Solomon March, 1911, for reduction to practice. When the Assistant Commissioner came to dispose of the matter he confined Rousso to his filing date, January 12, 1912, but gave him priority over Solomon, saying:

"I have hesitatingly reached the conclusion that Solomon's proof should be accepted as establishing that he had the device known as his Exhibit No. 2 in March, 1911, but I do not think that this construction, simple as the invention is, is shown by the proofs to have been actually reduced to practice."

It is not denied that Exhibit 2 embodies the invention. We have seen it at the bar and cannot doubt that it constitutes a full reduction to practice of the device of the issue. When was it manufactured?

Prior to March, 1911, Solomon had a towel rack similar to Exhibit 2. Davidson testified to this, describing the rack, and then identified Exhibit 2 as the device to which he referred. Jamieson, general manager of the Jamieson Machine Company, testified that he had done considerable work for Solomon and that the latter brought him a towel rack, which he was unable to describe accurately. Upon being shown Exhibits 1 and 2, he said it was more like the latter. While he could not fix the date on which he saw it, he knew that he bent some rods like the one in Exhibit 2 for Solomon before January, 1911. The witness Lehr said that he saw racks similar to Exhibits 1 and 2 early in 1911, and Ames testified that Solomon disclosed to him a towel rack which he thought was Exhibit 2, and that this was done a year or two after March 31, 1909, when Solomon signed a contract to furnish towels to a concern with which he was connected. Other witnesses testified to the same effect. Their testimony is set out quite fully and commented upon in the opinion of the Examiners in Chief. It establishes to our satisfaction that Solomon manufactured Exhibit 2 as early as March, 1911, and as it constitutes a reduction to practice we feel constrained to reverse the decision of the Assistant Commissioner and award priority to Solomon in both appeals.

Being of the opinion that the parts of the record sent to this court by the Patent Office in response to a writ of certiorari sued out by Rousso have no bearing on the issues presented, we tax all costs on the writ against Rousso.

Reversed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB, in the hearing and determination of this appeal.