## ROUSSO v. BARBER et al.

(District Court, W. D. Pennsylvania. August 11, 1923.)

No. 479.

**1. Patents ⬯297(4)—Priority of invention; effect of decision of Court of Appeals.**

While the decision of the Court of Appeals of the District of Columbia, determining priority of invention between a patentee and a later applicant in favor of the latter, does not preclude a relitigation of the question on the merits as between the two patents, unless there is a material difference in the evidence, it should be accepted as the law of the patents involved.

**2. Patents ⬯328—1,157,046, for towel cabinet, held void for prior invention by Solomon.**

The Rousso patent, No. 1,157,046, for towel cabinet, *held* void for prior invention by Solomon, covered by patent No. 1,080,855, and subsequent reissue.

In Equity. Suit by Jacques Rousso against Reuben E. Barber and another. Decree for defendants.

Joshua R. H. Potts and Brayton G. Richards, both of Chicago, Ill., George H. Rankin, of Pittsburgh, Pa., and George B. Parkinson, of Philadeplhia, Pa., for plaintiff.

Moseley Arthur Keller, of New York City, and Henry Oliver Evans, of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge. This suit is based on the usual bill in equity, complaining of infringement of patent No. 1,157,046, granted on October 19, 1915, to Jacques Rousso, for towel cabinets, and praying for the usual relief.

The defendants admit that, if the plaintiff's patent is valid, the defendants have infringed it. They rely for defense upon the alleged prior invention of Harry Solomon. The application for the plaintiff's patent was filed on January 12, 1912, and issued on October 19, 1915, without the claims in question becoming involved in interference with application for letters patent by the said Harry Solomon, filed on the 31st of December, 1912, and without becoming involved in interference with two other applications for patents involving substantially the same device. The patent was issued to Harry Solomon on December 13, 1913. On December 6, 1915, Harry Solomon filed a reissue application on his original patent, No. 1,080,855, and this brought into interference the Rousso patent. The Examiner of Interferences held that Solomon had failed to conceive or reduce to practice his invention prior to his filing date, December 31, 1912, and that Rousso did establish conception of his invention as early as December 31, 1911, and reduction to practice about December 22, 1911. On appeal, the Examiners in Chief found that Solomon reduced his invention to practice in March, 1911, while Rousso did not reduce his invention to practice until December 22, 1911, and that Solomon was the first one to conceive and the first to reduce the invention to practice.

An appeal was then taken to the Commissioner of Patents, and the Assistant Commissioner found that the decision of the Examiners in Chief was erroneous, and that the award should have been in favor of Rousso. He accordingly awarded priority of the invention to Rousso. An appeal was then taken to the Court of Appeals of the District of Columbia, the decision of the Assistant Commissioner was reversed, and priority of the invention was awarded to Solomon. Solomon v. Rousso, 271 Fed. 799, 50 App. D. C. 333.

After the decision by the Court of Appeals of the District of Columbia, the plaintiffs purchased Solomon's rights, and a consent decree was rendered in the United States District Court for Missouri, in an action pending between Solomon and Rousso, awarding the priority of the invention to Rousso. This is the only case in a United States District Court, and the only final judgment or decree that has been entered in any court, between Solomon and Rousso, and this was a consent decree, entered after Rousso had purchased Solomon's rights.

Our attention has been called to adjudications holding the Rousso patent valid, but in none of them, with the exception of the Missouri case, was the Solomon structure involved in the litigation. The claims of the Rousso patent alleged to be infringed are claims 1, 2, 3, and 5, as follows:

"1. In a device of the class described, a towel support, and a retaining member extending upwardly from said support and then downward sufficiently to constitute a suitable guide for a towel while in use, substantially as described.

"2. In a device of the class described, an elevated towel support, and a retaining member extending upwardly from said support and then downwardly sufficiently below said support to constitute a suitable guide for a towel while in use, substantially as described.

"3. In a device of the class described, an elevated towel support, and a retaining member extending upwardly from said support and then downwardly sufficiently below said support; said retainer being provided below said support with a substantially vertical portion of considerable length to constitute a suitable guide for a towel while in use, substantially as described."

"5. In a device of the class described, a towel support, and a retaining member extending upwardly from adjacent the outer edge of said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described."

In the interference appeal that went to the Court of Appeals of the District of Columbia, claims 1 and 5 were involved. In the Rousso claims involved in this litigation, claim 2 differs from claim 1 only in reciting that the towel support is an elevated one and the retaining member extends below said support. Claim 2 differs from claim 3 in specifying that the lower portion of the towel retaining member is provided with a substantially vertical portion of considerable length. Claim 5 differs from claim 1 only in specifying that the retaining member arises from adjacent the outer edge of the towel support.

[1] In our judgment, the invention involved in all these claims was before the Court of Appeals of the District of Columbia. We have carefully reviewed the evidence in the case at bar, and have also reviewed the evidence on which the interference case was decided by the Court of Appeals of the District of Columbia. We find that evidence is substantially the same in both cases. We feel constrained to hold

that the decision of the Court of Appeals of the District of Columbia is the law of the patent involved in this case, and that Solomon, and not Rousso, is the original inventor of the devices covered by the claims in suit. A number of decisions have been brought to our attention, to the effect that the decision of the Court of Appeals of the District of Columbia is not final, and that there is a different record before that court than the one here; but on examination of the evidence in this case, as well as the evidence in the proceedings that went to the Court of Appeals of the District of Columbia, we find that the evidence on the subject-matter of the invention is substantially the same. We are therefore constrained to follow this decision, for the plaintiff's proof has failed to convince us that the plaintiff, Rousso, was the prior inventor. In the case of Western Electric Co. v. Fowler, 177 Fed. 224, 101 C. C. A. 394, the court said:

"In the interference proceedings, the respective rights of McBerty and Fowler to the issuance of a patent were examined in succession by the Examiner of Interferences, the Board of Examiners in Chief, the Commissioner of Patents, and the Court of Appeals for the District of Columbia, and in each tribunal judgment of priority of invention was in favor of McBerty. To overcome these judgments, the proof must be clear and convincing—by evidence which shall strongly outweigh that of the respondent below."

While we are of the opinion that this decision of the Court of Appeals of the District of Columbia will not prevent a review of the award upon the merits of the matter here, we conclude, inasmuch as the evidence in the instant case is substantially the same as that before the Court of Appeals of the District of Columbia, that the decision of that court is not so palpably erroneous as to require us to take a different view. Our view in this regard is not changed by the fact that we have before us here different parties, for the questions involved here depend upon similar facts, and, as was stated by the court in the case of Bresnahan v. Tripp, 99 Fed. 280, 39 C. C. A. 508:

"Public policy requires that decisions which involve general law, and the determination of facts such as those involved in a patent which may concern the general public, should be adhered to, unless it shall subsequently be made clearly to appear that the decision and the findings were erroneous, when, it goes without saying, the decision should be corrected. The reasons which are so often given for holding that the judgment estops, not only as to every ground of recovery or defense actually presented, but also as to every ground which might have been presented, * * * are cogent reasons to be considered upon the question of reversing a long line of judicial decisions upon a rehearing grounded upon newly discovered evidence."

While not controlling as to the issue here, it is at least worthy of note that the plaintiff thought so highly of Solomon's invention that, after the decision of the Court of Appeals of the District of Columbia, he purchased and became the owner of the Solomon invention. The plaintiff, however, is not seeking to recover for an infringement of the Solomon patent, and in our opinion the defendants in this case properly set up the Solomon invention as defense in this case.

[2] From the evidence in this case, we find that Solomon was the prior inventor, and that his invention goes back to March, 1911, and we can give no earlier date to the Rousso invention than December 11, 1911, and December 22, 1911, for reduction to practice. We also

find that the defendants' structure answers to the claims of the Solomon structure, and that, so far as concerns the claims in suit, the plaintiff's patent is void for want of invention.

A decree may therefore be entered, dismissing the plaintiff's bill, with costs.