## ROUSSO v. BARBER et al.

(Circuit Court of Appeals, Third Circuit. September 29, 1924. Rehearing Denied November 19, 1924. Certiorari Denied by Supreme Court March 2, 1925.)

No. 3091.

**1. Patents ⬅297(8)—Validity not established by consent decree.**

The validity of a patent, as against the claim of priority of invention by another patentee, is not established by a consent decree entered in suit against claimed prior inventor, after he had sold his patent to the complainant, and such defense is open to any defendant subsequently sued for its infringement.

**2. Patents ⬅297(4)—Effect of decision of Court of Appeals of District of Columbia, determining priority of invention, stated.**

Decision of Court of Appeals of District of Columbia as to priority of invention must be accepted as controlling in any subsequent suit between same parties, unless contrary is established by testimony which carries thorough conviction; and same rule applies in subsequent suit brought by party there defeated against third person, in which defendant raises same issue.

**3. Patents ⬅328—1,157,046, for towel cabinet, held void for prior invention.**

The Rousso patent, No. 1,157,046, for a towel cabinet, *held* void for prior invention by Solomon, covered by patent No. 1,080,855, and subsequent reissue.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Suit in equity by Jacques Rousso against Reuben E. Barber and Edith Oliver Rea. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 299 Fed. 801.

Joshua R. H. Potts, of Chicago, Ill. (George B. Parkinson and Brayton G. Richards, both of Chicago, Ill., of counsel), for appellant.

Henry Oliver Evans, of Pittsburgh, Pa., and Moseley Arthur Keller, of New York City, for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and RELLSTAB, District Judge.

WOOLLEY, Circuit Judge. This is an appeal from a decree of the District Court holding claims 1, 2, 3 and 5 of the Rousso patent No. 1,157,046 void for want of invention. At the trial infringement of the patent, if valid, was admitted, and the validity of the patent turned on the question of priority of invention—a pure question of fact.

The subject matter of the patent is a towel cabinet of the kind now generally found in lavatories of office buildings, hotels and restaurants. The need for such a device was brought about by the misuse of towels in public places and by loss from petty stealing which grew to astonishing proportions. To overcome these difficulties in supplying towels for public use Rousso was granted the patent in suit. Claim 1, broadly stating the principle which runs through all the claims, reads as follows:

"In a device of the class described, a towel support; and a retaining member extending upwardly from said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described."

The Rousso construction, as disclosed by the specification, comprises an upper towel support in the form of a box-like cabinet adapted to hold a pile of clean towels. Each towel is provided with a grommet or brass eyelet adjacent to its outer edge. By means of the grommets the towels are threaded upon a combined guide and retaining member in the form of a goose-neck rod detachably secured to the upper side of the bottom of the cabinet and extending upwardly through the pile of clean towels, thence outwardly and downwardly into a receptacle below. The arrangement is such that the clean towel, uppermost on the pile, may be pulled upwardly, outwardly and downwardly along the guide rod into a convenient position for use and thereafter be permitted to fall of its own weight into a soiled towel receptacle below—locked all the while against unauthorized removal.

The device was popularly received and has gone into wide public use.

This looks like invention. The question is—whose invention was it? There was a number of men who conceived this idea within a singularly brief period. Aside from Rousso, one of them was Solomon. His construction, having like all others the goose-neck retaining rod as the central element, differed from Rousso chiefly in enclosing the cabinet more completely and in exposing the towel only when in use. The first patent granted was to Solomon on an application filed later than Rousso's application. When the patent to Rousso was issued, Solomon, on being charged by Rousso with infringement, immediately applied for a re-issue to include the identical claims of the Rousso patent here in suit. As Solomon filed his application for re-issue within two years of the date of the patent we are not concerned with the rule of Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491.

This application for re-issue immediately provoked interference proceedings between the Rousso patent, the Solomon application for re-issue and three pending applications for similar patents. The history of these proceedings, in so far as it affects the parties Rousso and Solomon, briefly stated is this: The Examiner of Interferences refused to award priority of invention to Rousso. On appeal, the Examiners-in-Chief, reversing the Examiner of Interferences, awarded the invention to Solomon. On appeal, an Assistant Commissioner of Patents reversed the Examiners-in-Chief and awarded the invention to Rousso and, finally, on appeal to the Court of Appeals of the District of Columbia that court, subscribing to the reasoning of the Examiners-in-Chief, reversed the Assistant Commissioner and awarded the invention to Solomon. 271 F. 799, 50 App. D. C. 333. After Rousso and Solomon had staggered through four patent tribunals in which each at different times had been awarded the invention, Rousso brought suit for infringement against Solomon in the District Court of the United States for the Western District of Missouri where the same issue of priority of invention was raised. Pending suit, Rousso bought Solomon's patent, and the court by a consent decree sustained the Rousso patent. Thus Solomon passed out of the controversy until Rousso instituted this suit against Barber for infringement. Barber, attacking the validity of the patent, revived the issue of priority of invention and stood on the finding of the Court of Appeals of the District of Columbia in favor of Solomon.

[1] We have deemed it necessary to give this extended account of the prosecution of the Rousso patent in order clearly to distinguish the issues here involved from issues tried and determined in eight federal courts in five circuits where the validity of the Rousso patent has been sustained. In none of these cases was the question of prior invention by Solomon raised. As the sale by Solomon of his patent to Rousso, accompanied with his concession of priority of invention to his opponent, followed by a consent decree, did not impart validity to the Rousso patent, Tyler v. Kelch, 98 O. G. 1282; Humphrey v. Fickert, 115 O. G. 803, an attack upon its validity because of prior invention can be validly made in this suit and we are back to the decision of the Court of Appeals of the District of Columbia, the last and the highest tribunal that dealt with the question. This is our starting point.

[2] Though the Court of Appeals of the District of Columbia becomes, in a patent prosecution, an appellate tribunal of the patent office, its decisions are not final. Federal courts, in suits formally brought, have full jurisdiction to re-examine all mat-

ters there determined and come to opposite decisions. Quaker City Chocolate Co. v. Loughran (C. C. A.) 296 F. 822. Yet it is equally well established that "when a question between contending parties, as to priority of invention, is decided [by the Court of Appeals of the District of Columbia] the decision there made must be accepted as controlling, * * * in any subsequent suit between the same parties, unless the contrary is established by testimony which, in character and amount, carries thorough conviction." Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657; Baldwin v. Howard, 256 U. S. 35, 39, 40, 41 Sup. Ct. 405, 65 L. Ed. 816; Gold v. Gold, 237 F. 84, 86, 150 C. C. A. 286; Gold v. Newton, 254 F. 824, 166 C. C. A. 270, certiorari denied, 249 U. S. 608, 39 Sup. Ct. 290, 63 L. Ed. 799; Clements v. Kirby (C. C. A.) 274 F. 575, 586; Farle v. Drake Mfg. Co. (D. C.) 289 F. 137. The plaintiff maintains, however, that a federal court, District Court or Circuit Court of Appeals, should give this credit to decisions of the Court of Appeals of the District of Columbia only when the parties in the two proceedings are the same. In the Court of Appeals of the District of Columbia the parties were Rousso and Solomon; the parties here are Rousso and Barber. Yet the issue there decided is the same as the one raised here. In both cases Rousso was a party and on this issue the Court of Appeals of the District of Columbia rendered judgment against him. If its judgment had been for Rousso, we can conceive (without deciding) that as against a third person, not heard, it might not be so controlling, but as the judgment against Rousso was entered after he had been given a full hearing, we think the rule of Morgan v. Daniels applies and casts upon him the burden of overcoming the decision "by testimony which, in character and amount, carries thorough conviction."

[3] There is a sharp conflict with respect to the claimed dates of invention, Rousso alleging conception in 1908 and reduction to practice in the fall of 1911; Solomon alleging conception in 1907 and reduction to practice in 1910. All of the patent tribunals found against these dates. We agree with them. All were in accord in finding that Rousso had not invented his device prior to December, 1911, or January, 1912. The Court of Appeals of the District of Columbia affirmed the Examiners-in-Chief, who, in turn, had affirmed the Examiner of Interferences in finding that December 13, 1911 was the date of Rousso's conception and December 22, 1911 the date of his reduction to practice. In this, too, we agree with them. It is clear from record evidence that when Rousso, in October, 1911, went to Curlett, a cabinet maker, for assistance in developing a model, he had not conceived (or, if we are wrong in this, he had not reduced to practice) the goose-neck construction, for he had Curlett make a model whose operative feature was a roller on which a single towel many yards in length could be used in sections, the soiled portions falling into a receptacle below. This proved unsatisfactory and Curlett, in November, started on a second device. Before he had finished it Rousso stopped him and, on December 13, 1911 started him on a cabinet with the bent retaining rod, the device of the patent. This model was completed December 22, following. This settles Rousso's dates. The only doubt we have had is with reference to Solomon's dates. All the patent tribunals agreed that the Solomon Exhibit No. 2—the goose-neck retaining rod—was in existence in March, 1911. Here was the inventive conception. They do not agree that it was reduced to practice at that time; the first and third tribunals holding that it was not, and the second and fourth that it was. It is just here the case turns. Laying aside these several decisions for the time, we made our own study of the testimony with the result that, were we sitting in the tribunal first called upon to decide this question, we would resolve it in favor of March, 1911, as the time of Solomon's conception and reduction to practice. Sitting in an appellate court on a record which includes the record before the other tribunals, it is clear to us that the plaintiff has not established by testimony which, in character and amount, carries conviction that the Court of Appeals of the District of Columbia was wrong in awarding the invention to Solomon. The decree of the trial court dismissing the bill is therefore

Affirmed.