## KNIGHT v. RITE SHOE CO., Inc., et al.

Circuit Court of Appeals, First Circuit.
February 2, 1928.

No. 2174.

**1. Patents ⟜112(1)—Patent when issued becomes property of patentee, free from control and jurisdiction of Patent Office.**

When a patent has received the signature of the Secretary of the Interior, countersigned by the Commissioner of Patents, and has had affixed to it the seal of the Patent Office, it becomes the property of patentee, free from control and jurisdiction of Patent Office.

**2. Patents ⟜128—Patent after issuance may be canceled only in suit by United States.**

After issuance of patent, sole proceeding whereby it may be canceled is suit brought by the United States based on fraud or some other sufficient cause.

**3. Patents ⟜114, 327(14)—Judgment of invalidity of patent in equity suit between interfering patentees or in suit for infringement affects only parties and their subsequent assignees or persons with knowledge (35 USCA § 66).**

Judgment of invalidity of patent in equity suit between interfering patentees, brought under Rev. St. § 4918 (35 USCA § 66; Comp. St. § 9463), or in suit for infringement affects only parties and those deriving title under them subsequent to rendition of judgment and probably those taking with knowledge of pendency of suit.

**4. Patents ⟜288(1)—Jurisdiction in patent infringement suit held not impaired by previous declaration of interference between pending applications and unexpired patent issued plaintiff (Rev. St. §§ 4904, 4915, 4918 [35 USCA §§ 52, 63, 66]).**

Declaration by Patent Office of interference between pending applications and unexpired patent issued to plaintiff, under Rev. St. § 4904 (35 USCA § 52; Comp. St. § 9449) *held* not to prevent exercise of jurisdiction by federal District Court in suit for infringement of pat-

ent, in view of Rev. St. §§ 4915, 4918 (35 USCA §§ 63, 66; Comp. St. §§ 9460, 9463), since patent passes from control of Patent Office when ·issued.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Patent infringement suit by Joseph C. Knight against the Rite Shoe Company, Inc., and others. From a decree dismissing the suit, plaintiff appeals. Decree vacated, and case remanded.

Herbert A. Baker and Marcus B. May, both of Boston, Mass., for appellant.

George P. Dike, of Boston, Mass. (Elmer J. Gray and Macleod, Calver, Copeland & Dike, all of Boston, Mass., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a bill in equity, brought for infringement of letters patent No. 1,584,230, applied for May 29, 1925, and issued May 11, 1926, to the plaintiff, Joseph C. Knight, for a perforating machine.

The defendants having filed answers setting up various defenses, the case came on for trial. In the course of the trial, counsel for the defendants stated that, while the plaintiff's application for a patent was pending in the Patent Office, one George Knight and one Benjamin Freeman also had applications for patents pending there, involving the same subject-matter; that, notwithstanding the pendency of these applications, the Patent Office issued the patent in suit to the plaintiff, Joseph C. Knight, without having declared an interference and determined which of the three applicants was the first inventor; that, after the patent issued and before this suit was brought, the Patent Office declared interferences between the then pending applications and the unexpired patent issued to the plaintiff.

The court thereupon ruled, "when an interference is declared in the Patent Office, bringing in an already issued patent, that the District Court of the United States has no jurisdiction until after the interference has been decided in the Patent Office," and entered a decree dismissing the case, from which this appeal is taken.

The sole question is: Whether the court had jurisdiction of the suit for infringement, an interference under section 4904, Revised Statutes (35 USCA § 52; Comp. St. § 9449),

having been declared, before this suit was brought, between the unexpired patent on which the suit is based and the pending applications.

This very question was presented for decision before Judge Westenhaver in Kuhlke Mach. Co. v. Miller Rubber Co. (D. C.) 8 F.(2d) 614. That was a suit for infringement of a patent issued April 15, 1924, to one Kuhlke and assigned to the plaintiff. The defendant's answer set up that certain claims of the plaintiff's patent were then in issue in an interference proceeding in the Patent Office with a pending application of one De Mattia, and that the interference was declared after the Kuhlke patent issued and before the infringement suit was brought. The defendant, the Miller Rubber Company, like the present defendants, did not own or control the application involved in the interference.

It was there held that the owner of letters patent may bring and maintain a suit for infringement pending an interference proceeding declared against his patent and before the question of priority of invention is determined in that proceeding; that, while a patent is not the origin of the patentee's property right in his invention, it is a governmental grant of an exclusive right for 17 years, to make, vend, and use his invention, and to exclude all others from so doing; that the grant is not only the source of his patent monopoly but of his right to maintain an action either at law or in equity, and, until the grant is made, any one else may make, vend, or use his invention; that if, through inadvertence or otherwise, interfering patents are issued by the Patent Office to different patentees, either patentee is given a remedy in equity under section 4918, Revised Statutes (35 USCA § 66; Comp. St. § 9463), to determine the validity of the other's patent, or may accomplish the same purpose by a suit for infringement; that in either case the issue of priority of invention is open to determination, even though that issue has once been decided in an interference proceeding; that an interference under section 4904, Revised Statutes, with the ensuing appeals, and a suit under section 4915, Revised Statutes (35 USCA § 63; Comp. St. § 9460), are the steps or means whereby an inventor may obtain a patent; that, while the Patent Office has exclusive jurisdiction over the steps or means thus provided an inventor for the acquisition of a patent, its jurisdiction is exclusive for no other purpose than that of authorizing a patent to issue; and that the District Court had jurisdiction to try and deter-

mine all issues of priority properly raised in the case.

This court also had under consideration, in United Shoe Mach. Corp. v. Muther, 288 F. 283, 284, the same question presented in this case. That was a suit for infringement of letters patent No. 1,112,643, issued to Muther October 6, 1914, on an application filed January 31, 1914, for a device for setting eyelets. After the issuance of the Muther patent, an interference was declared in the Patent Office on the application of one Doulett for a similar device, owned by the Shoe Machinery Corporation. This interference was pending at the time the infringement suit was brought. Six years after the bringing of the suit, and while it was still pending, a supplemental answer was filed setting up the pendency of the interference at the time of the filing of the bill of complaint, that Muther had voluntarily appeared and contested the granting of a patent upon the application of Doulett, and that it had been finally decided by the Court of Appeals for the District of Columbia that Doulett and not Muther was the true, original, and sole inventor. In the District Court a motion to dismiss the bill because of the matter set up in the supplemental answer was denied. The facts in that case differed from those in this case in no respect except that there the defendant was the owner of the Doulett application, while here the defendants are not the owners of the applications of George Knight and Benjamin Freeman. But this court held that the denial was proper.

[1-4] We fully agree with the conclusion reached in these cases, and the reasoning by which it was reached. When a patent has received the signature of the Secretary of the Interior, countersigned by the Commissioner of Patents, and has had affixed to it the seal of the Patent Office, it has become the property of the patentee and has passed beyond the control and jurisdiction of the Patent Office. McCormick Mach. Co. v. Aultman, 169 U. S. 606, 608, 18 S. Ct. 443, 42 L. Ed. 875. After it has issued, "there is no proceeding provided by which [it] can be canceled except on" a suit brought by "the United States," based on fraud or some other sufficient cause. Baldwin Co. v. Robertson, 265 U. S. 168, 180, 44 S. Ct. 508, 510 (68 L. Ed. 962), and cases there cited. While a judgment of cancellation is good against the world, a judgment of invalidity in an equity suit between interfering patentees, brought under section 4918, or in a suit for infringement, is of effect only as between the parties to the suit and those deriving title under them

subsequent to the rendition of the judgment and probably those taking with knowledge of the pendency of the suit.

The defendants have devoted much of their argument and brief to the question of the burden of proof, contending that it is different in an interference proceeding from what it is in a suit for infringement. We do not find it necessary to consider the question, for it has no bearing upon the question of jurisdiction, the only question presented in this case.

The decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.