## ROUSSO v. FIRST NAT. BANK IN DETROIT et al.

Circuit Court of Appeals, Sixth Circuit. January 16, 1930.

No. 5247.

Joshua R. H. Potts, Eugene Vincent Clarke, and Howard S. Laughlin, all of Chicago, Ill., and Thomas S. Donnelly, of Detroit, Mich., for appellant.

Bishop & Weaver, of Detroit, Mich., Moseley Arthur Keeler, of New York City, and Edward N. Pagelson, of Detroit, Mich., for appellees.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. The principal question in the instant case is whether the doctrine of Morgan v. Daniels, 153 U. S. 120, 125, 14 S. Ct. 772, 773, 38 L. Ed. 657, "that, where the question decided in the patent office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony, which in character and amount carries thorough conviction," is to be applied in litigation between one of the parties to an interference proceeding and one who was a stranger to such interference. The present case was before this court upon a previous occasion, but, since the only question there presented was one of judicial discretion in denying interlocutory injunction, none of the present issues were then authoritatively determined. 287 F. 273.

On January 12, 1912, plaintiff filed application for patent upon a towel cabinet in which the towels were laid upon a towel support and threaded upon a rod which pass-

ed up from said support, thence outwardly, downwardly, and into a receptacle where the other end was fixed, preventing the removal or misuse of linen. While this application was pending, on December 31, 1912, one Harry Solomon likewise filed application for a safety towel cabinet in which the towels were threaded upon a movable rod which extended upwardly through the towels, outwardly toward the user, and thence downwardly into a soiled towel receptacle, which rod could be raised while the towels were being withdrawn or in use, but could not be pulled entirely from its opening because of a nut at one lower end, and which was not affixed to the bottom of the soiled towel receptacle at the other end so as to lock the towels, used or unused, upon the rod. A design patent to Rousso then already issued, which showed the Rousso structure forming the basis of his pending application, was cited against several of the Solomon claims which were then amended to avoid the reference and the patent issued under date of December 9, 1913. No interference was declared with the more generic claims of the Rousso application upon which patent No. 1,157,046, here in suit, issued on October 19, 1915.

Shortly after issue of the Rousso patent Solomon was served with warning notice that his device infringed the generic claims in suit [1] and an application for reissue was thereupon filed by Solomon and an interference was declared with these claims of the Rousso patent. A large amount of evidence was taken, other applicants for patent were made parties to the interference, and the

cause was prosecuted through all the patent office tribunals, including the Court of Appeals for the District of Columbia. The Examiner of Interferences awarded priority of invention to Rousso over Solomon in one interference, and in another, to which one Brigham was a party, priority was awarded to Brigham. Rousso purchased Brigham's rights, whereupon he dropped out, and both Rousso and Solomon appealed to the Board of Examiners in Chief. There priority was awarded to Solomon. On appeal to the Commissioner the decision of the Examiners in Chief was reversed, and priority was awarded to Rousso on the ground that the proofs on behalf of Solomon were insufficient to establish reduction to practice at any time prior to Rousso's filing date. A final appeal to the Court of Appeals for the District of Columbia resulted in the reversing of the finding of the Commissioner and in an award of priority to Solomon. 50 App. D. C. 333, 271 F. 799. After the decision of the Commissioner, Rousso had commenced suit for infringement against Solomon and a preliminary injunction had issued. When the opinion of the Commissioner was reversed Rousso also purchased Solomon's rights, but the application of Solomon for reissue was abandoned and no claim is made here under Solomon.

In the case of Rousso v. Barber, 3 F. (2d) 740, which was an action for infringement of the claims of the Rousso patent here in suit, the Circuit Court of Appeals for the Third Circuit held that the doctrine of Morgan v. Daniels, supra, applied in a subsequent suit for infringement, brought by Rousso, in which suit the defendant relied upon prior invention by Solomon which was the issue of the interference. In the present case the records before the Court of Appeals for the Third Circuit and the Court of Appeals of the District of Columbia were introduced as physical exhibits for the purpose of advising the court of the state of those records and of the issues of fact and law there decided, but there was no stipulation that the evidence in either the Barber Case or the interference proceedings should be received in the present action as if taken herein. The evidence actually taken here below and constituting the present record differs very substantially from the evidence in the other two records, in that only one witness was here called to support the claim of prior invention by Solomon. The District Judge frankly stated that he did not believe the testimony of this single witness and considered it wholly insufficient to sup-

---

[1] "1. In a device of the class described, a towel support; and a retaining member extending upwardly from said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described."

"2. In a device of the class described, an elevated towel support; and a retaining member extending upwardly from said support and then downwardly sufficiently below said support to constitute a suitable guide for a towel while in use, substantially as described."

"3. In a device of the class described, an elevated towel support; and a retaining member extending upwardly from said support and then downwardly sufficiently below said support, said retainer being provided below said support with a substantially vertical portion of considerable length to constitute a suitable guide for a towel while in use, substantially as described."

"5. In a device of the class described, a towel support; and a retaining member extending upwardly from adjacent the outer edge of said support and then downwardly sufficiently to constitute a suitable guide for a towel while in use, substantially as described."

port the claim of Solomon's prior invention because consisting wholly of recollection testimony unsupported by any contemporaneous record or physical exhibit. However, the District Judge felt constrained to follow the decision in the Barber Case, and held that, the plaintiff having introduced no new or other evidence than was introduced in the Barber Case and the interference proceedings, to negative prior invention by Solomon, priority was not established by the plaintiff Rousso "by testimony which in character and amount carries thorough conviction." Such a ruling to be sound must be founded upon some established doctrine of equity, and counsel for defendant refer, as applicable either directly or by analogy, to the doctrines of res judicata, estoppel by judgment, the weight to be given to determinations of administrative tribunals, stare decisis, and comity.

Obviously, neither the doctrine of res judicata nor that of estoppel by judgment has any direct application because of lack of identity of the parties and want of mutuality of the estoppel. Cf. I. T. S. Rubber Co. v. Essex Co., 272 U. S. 429, 47 S. Ct. 136, 71 L. Ed. 335; Mineral Development Co. v. Ky. Coal Lands Co., 295 F. 259 (C. C. A. 6). But apart from this complete answer, there is another equally good as to the Court of Appeals of the District of Columbia. In passing upon an issue raised upon appeal in interference proceedings, the Court of Appeals of the District of Columbia acts as a branch or arm of the Patent Office, and not in a judicial capacity. Frasch v. Moore, 211 U. S. 1, 9, 29 S. Ct. 6, 53 L. Ed. 65; Clements v. Kirby, 274 F. 575, 586 (C. C. A. 6). Thus, even as between the same parties, the decision of that court, in an appeal from the Commissioner of Patents, is not considered res judicata. Otherwise there would be no room for existence of the doctrine of Morgan v. Daniels.

Nor have the doctrines of stare decisis and comity more direct application. The first of these is founded upon the promotion of stability of legal principles in the decision of cases, and its effect is limited to questions of law as distinguished from questions of fact. The doctrine of comity also finds its justification in the great desirability of uniformity of decision. It is a doctrine of convenience and expediency. It has been said to persuade but not to command. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856. While each has its useful function in the administration of the law, neither can control in the determination of facts, or in the application of established law to the facts proved, without substantial identity of the records involved,—at least upon the critical issue. In the opinion of the trial court in Rousso v. Barber (D. C.) 299 F. 801, 803, the record before the court was recognized as being "substantially the same as that before the Court of Appeals of the District of Columbia," and upon that record the court was in such doubt as might well justify following the opinion of the earlier decision upon principles of comity.

Here the record is materially different from that which was before the Court of Appeals of the District of Columbia and the Court of Appeals for the Third Circuit, not in that the plaintiff has introduced new or additional evidence of his priority of invention, but because the defendant has introduced evidence of vastly less probative effect. The evidence in the interference proceeding and the Barber Case is not part of the evidence here. The action is one purely in personam for the determination of private rights as between the litigants. The critical issue is one of fact. In these circumstances we are of the opinion that we are limited strictly to a consideration of the record before us; and in the absence of doubt as to the issue upon that record, it is beyond our power or duty to give probative effect to evidence introduced in other cases but not here.

To follow blindly the decisions of other courts upon different records, under analogy to doctrines of stare decisis and comity, would be in effect to give to those decisions the attributes of judgments in rem. This they are not. A patent once issued by the Patent Office may not thereafter be recalled or canceled except on suit of the United States for fraud. Baldwin Co. v. Robertson, 265 U. S. 168, 180, 44 S. Ct. 508, 68 L. Ed. 962. Even under R. S. § 4918, 35 USCA § 66, relief in equity under interfering patents is binding only as between the parties to the suit and those deriving title under them. Knight v. Rite Shoe Co., Inc., 23 F.(2d) 903 (C. C. A. 1). Unless and until the courts are authorized by statute to render a judgment in rem, declaring the status of a patentee as the first and original inventor, or the contrary, or definitely recalling and canceling an issued patent in an action by another than the United States, we cannot recognize that a judgment in one infringement suit declares the "law of the patent" or that

the decisions of the patent office tribunals in an interference proceeding have such effect. Cf. Traitel Marble Co. v. U. T. Hungerford Brass & Copper Co., 18 F. (2d) 66 (C. C. A. 2). Each subsequent action must be determined upon the record there made up with perhaps this qualification, that the presumptions of novelty, utility, and invention arising from the grant of the patent may be given less force and effect after an adverse judgment.

The doctrine of Morgan v. Daniels is one, rather, of the weight to be given to the decisions of the Patent Office. In its original statement its effect was expressly limited to actions between the same parties. Because both parties to the interference have been fully heard before an administrative tribunal having jurisdiction to determine the issue, but as to whose decisions the doctrine of res judicata is inapplicable (see United Shoe Mach. Corp. v. Muther, 288 F. 283 [C. C. A. 1]), the force of final determination, by analogy to that doctrine, is not limited to substantially the same record in the subsequent suit, but it is limited, by the same analogy, to suits between the same parties or two of them. Crone v. John J. Gibson Co. (D. C.) 237 F. 637, 641. We are cited to no case except that of Rousso v. Barber in which the doctrine has been expressly extended further; and with due respect to the Court of Appeals for the Third Circuit we cannot concur in that decision except as limited to a case where the records are substantially the same, where the court is left in doubt, and where the doctrines of comity and stare decisis are therefore applied and not the doctrine of Morgan v. Daniels.

When convinced by the record before him of the inventorship of Rousso, of the validity of the patent, and of its infringement, we are of the opinion that the District Judge should have followed his own convictions rather than to have based his judgment solely upon the fact that in an administrative proceeding to which but one of the present litigants had been a party, and upon a materially different record, Rousso had been held not to be the first inventor. This is especially so here since the patent in suit has been sustained in adversary actions in the Southern District of California, Rousso v. City Towel Supply Co., 242 F. 655; the District Court of Minnesota, Rousso v. Boyle, 2 F.(2d) 299; and in the Seventh Circuit Court of Appeals, Chicago Towel Co. v. Rousso, 248 F. 693.

Having reached the foregoing conclusions, it is unnecessary to give special consideration to the questions of whether the same high degree of proof is necessary to show invention by another in regard to an issued patent, but after an interference proceeding has been determined adversely to the patentee, as is required in the absence of such decision in interference [see Austin Mach. Co. v. Buckeye Traction Ditcher Co., 13 F. (2d) 697 (C. C. A. 6)], the extent to which the presumptions of validity attaching to an issued patent may possibly be weakened by such an interference, or whether the same rule of degree of proof is applicable to or was applied in the interference proceedings.

The other patent involved is that to Olson, No. 1,295,578, claims 1, 3, and 5. Roughly, this patent covers a safety towel cabinet in which a chain is substituted for the fixed rod of Rousso. The District Court held claim 1 invalid, and claims 3 and 5 not infringed. But little emphasis is placed by counsel for the appellant upon the validity of this patent and we are content to accept the decision of the District Judge on the issue there made, both because of our doubt of the presence of invention in making substitution of a flexible retaining member for the rod of Rousso, and also in view of the patented prior art, especially the patent to Ammann No. 1,181,983, May 9, 1916, the filing date of which antedated Olson by more than three years.

If, as we have held, the generic claims of the Rousso patent in suit are valid, infringement would seem apparent. The defendant has departed from the preferred form shown in the patent only in substituting a flexible chain for the retaining member or rod of the patent. It is unnecessary to determine whether this substitution adds to or detracts from the utility of the device. It is sufficient to state that in our opinion the chain of the defendant is the full equivalent of the "retaining member" of the claims. Chicago Towel Co. v. Rousso, 248 F. 693 (C. C. A. 7).

For the reasons stated, the decree of the District Court is reversed as to the Rousso patent and affirmed as to the Olson patent; and the cause is remanded with instructions to enter a new decree consistent with this opinion.