## WESTINGHOUSE ELECTRIC & MFG. CO. v. WADSWORTH ELECTRIC MFG. CO.

### No. 5231.

Circuit Court of Appeals, Sixth Circuit.

July 2, 1931.

HICKENLOOPER, Circuit Judge, dissenting.

D. W. Cooper, of New York City (Victor S. Beam, of New York City, Walter M. Shohl, of Cincinnati, Ohio, and Thomas J. Byrne, of New York City, on the brief), for appellant.

W. F. Murray, of Cincinnati, Ohio (Marston Allen, of Cincinnati, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

We granted a rehearing and took briefs solely upon one question, said to be involved, and which, as paraphrased and applied is:

If Wadsworth, in 1907, conceived an invention and "reduced it to practice" by one instance of use, but did nothing more with it until he filed his application in 1916, while Kries invented and filed his application on the same device in 1910, whereupon the Patent Office found Wadsworth's reduction to practice, but rightly awarded priority to Kries because of Wadsworth's nonaction (under the Mason v. Hepburn rule, 13 App. D. C. 86) and patent issued to Kries, is Wadsworth nevertheless such a prior inventor as to invalidate the Kries patent, as to its claims which were in interference? This we thought an interesting question, and on account of its importance and, perhaps, novelty, one deserving careful examination; but study of the record does not show that it is so presented as to call for decision of the question in its broadest aspect—the effect of a final finding which underlies and supports an issued patent.

The fundamental question whether Wadsworth did, before 1910, so perfect and test his constructed device as to make his invention then complete enough to make him the "inventor," under the patent law, presents itself in two aspects: First, as to the effect of the Patent Office proceedings upon our inquiry into the fact; and, second, as to the proofs, independently examined.

Upon the Wadsworth-Kries interference, Kries was the senior applicant, by six years. The Examiner of Interferences awarded priority to Kries. His opinion is not in the record, but the references to it by the board and by the commissioner show that he thought Wadsworth had not completed a reduction to practice because upon the test the device was abandoned, and the test must therefore be considered unsatisfactory; and

show that the Examiner also thought that, in any event, Wadsworth had lost his right to a patent under the Mason v. Hepburn rule. Upon appeal, the board filed an opinion concluding that Wadsworth's test should not be deemed unsatisfactory to him, but that the underwriters' rule excused his failure to proceed and apply for a patent or to commercialize the invention. The board then holds that in spite of Wadsworth's reduction to practice, he had so abandoned and concealed and negligently suppressed his invention that he could not escape the estoppel. Its conclusion, "The decision of the Examiner of Interferences is affirmed," was necessarily based upon the estoppel, and would have been just the same if the board had omitted any discussion of reduction to practice. Upon appeal, the commissioner, in his opinion, takes up and discusses the question of estoppel, not considering the question of reduction to practice; and, concluding that "the conclusion reached by the board as to estoppel is deemed to have been correct," announces that the decision of the board is affirmed. Clearly, this opinion decides the question of estoppel and no other question. The only reference to any other is the statement that, if the board was right as to the reduction to practice, that does not excuse the suppression and concealment which raised the estoppel. The final award of priority by the commissioner was therefore in favor of Kries.

For the purpose of this case (but without deciding), we may concede, to the fullest extent claimed by Wadsworth, that a final finding of fact by the Patent Office in interference proceedings, upon which finding the later action of the Patent Office is based, becomes a quasi-adjudication when the same question of fact arises later between the same parties in an infringement suit upon the resulting patent [See Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657; Rousso v. Bank (C. C. A.) 37 F. (2d) 281, 284]; but that concession does not help here. The only one of the three awards which has color of any finding in favor of Wadsworth was that by the board. In addition to such results as come from observing the nonjudicial character of this tribunal, there are two reasons why there is no adjudication. One is that the conclusion by the board was appealed from. Whatever the effect of a review by a writ of error, there seems no doubt that an appeal to a reviewing tribunal which hears the matter de novo suspends the estoppel of the decision appealed from, and thereafter the existence or the lack of estoppel is determined by the order of the reviewing tribu-

nal.[1] The thing to be decided in an interference is as to the commissioner's duty to issue the patent to one or another applicant; in a substantial sense, as well as because he has the power to review, the decisions of the lower tribunals are advisory to him. It seems clear that, after the decision of the board has been appealed from and the whole controversy submitted to the commissioner and decided by him, the board's decision no longer remains as an existing judgment. From the decision of the commissioner against Wadsworth, no conclusion in his favor can be implied; from the opinion of the commissioner, it is clear that he did not intend to make any finding of fact in favor of Wadsworth. Hence, the necessary basis for estoppel by judgment is not to be found in the decision of the board.

The other reason is inherent in the nature of an estoppel by judgment. If for the plaintiff, it finally adjudicates those of the plaintiff's rights which were essential to the judgment and, often, those which the pleadings or the proofs show did in fact lead to and support the judgment; and it adjudicates all the defenses which were made or might have been made. If for the defendant, it prevents the future assertion of any right which the plaintiff properly did assert or might have asserted; or it establishes the affirmative defense, if there was any, which in fact led to the judgment. These principles do not reach a situation where the court made a finding in favor of plaintiff upon a point in dispute, but then held that, for another reason, plaintiff must be defeated. We are not aware of any decisions which carry the rule to that extent; and to do so suggests a paradox. A recited finding in favor of A is not an element essential or pertinent to a judgment against him. See R. C. L., Judgments, §§ 451–454. For this reason also we must think that there is no estoppel by judgment arising against Kries from the Patent Office proceedings.

No more do we consider Wadsworth estopped now to claim that his invention was anticipatorily complete. One in his position may have thoroughly established his status as an inventor entitled to a patent, and yet have forfeited that right by nonclaim (Corona Co. v. Dovan Corp., 276 U. S. 358, 384, 48 S. Ct. 380, 72 L. Ed. 610); and we do not interpret the decision of the commissioner as going beyond a declaration of such forfeiture.

Taking up the other aspect, and examining the proofs independently: We do not see that Wadsworth, alleging anticipation, is in any exceptionally favorable position, because he tried to get this patent and failed. His proofs must be tested by the standard criterion. They must convince beyond a reasonable doubt, or reach substantially that standard of certainty. The Barbed Wire Patent, 143 U. S. 275, 284, 12 S. Ct. 443, 36 L. Ed. 154; Eibel Co. v. Paper Co., 261 U. S. 45, 60, 43 S. Ct. 322, 67 L. Ed. 523. Consideration of them leaves grave doubts as to the time when Wadsworth made his device, as to its perfection to meet the terms of the claim in a vital point, as to its effective test, and as to whether it must not be classed as an abandoned experiment. Experiment it certainly was, in every way; abandoned it apparently was, in the ordinary meaning of the word. Wadsworth literally "put it in the junk," to use his own words. Experiments which, in retrospect, seem to have been successful, but which went into the junk pile, were usually abandoned because they seemed to have no commercial value—were not worth while. Wadsworth's rather unique reason for this conclusion (his discovery of a prohibitive insurance rule) does not make a unique case. Besides, it does not ring quite true as a sufficient reason. It is true that the failure to put into commercial use a device which has been "reduced to practice" does not necessarily take it out of the category of completed inventions. Corona Co. v. Dovan Corp., supra. It is equally true that though filing an application is a reduction to practice and for some purposes a constructive completion of the invention, this does not of itself finally take the device out of the category of abandoned experiments. The Corn Planter Patent, 23 Wall. 181, 211, 23 L. Ed. 161. Each case must be classified on its facts.

The whole fact-controversy is thoroughly discussed by counsel; there is nothing to be gained by further discussion here. Our original conclusion is reaffirmed, and mandate will issue in accordance with the opinion on file.

HICKENLOOPER, Circuit Judge (dissenting).

An anomalous situation is obviously presented where, as here, the Board of Examiners in Chief specifically found prior conception and reduction to practice by the junior applicant in an interference proceeding, but that the doctrine of Mason v. Hepburn applied and "priority" must therefore be awarded and a patent granted to the senior appli-

---

[1] Sharon v. Hill (C. C. Cal.) 26 F. 337, 345; Eastern v. Welling (C. C. S. C.) 103 F. 352, 355; Green v. U. S., 18 Ct. Cl. 93, 106, 107.

cant, and this holding is broadly affirmed by the commissioner. In such a case it would seem that the interference should have been dissolved and both applications rejected. Perhaps this question can be presented to the reviewing courts only after appeal to the Court of Customs and Patent Appeals from the decision of the commissioner, or by proof, in a subsequent suit for infringement, which meets all·the requirements of certainty and conviction; but I also feel that lack of exactly analogous precedent should not prevent extension to the present case of the broad underlying principles of the decision in Morgan v. Daniels.

Were I not convinced in my own mind that the grant of a patent to Kries was wholly inconsistent with the finding of fact of prior conception and reduction to practice by Wadsworth, I should feel less justified in submitting this dissent; but that very issue of fact seems to me determinative of a contrary result in the Patent Office, and it is the administrative decisions of fact, and not the ultimate and erroneous conclusions of law, with which we are here concerned, and with which the Supreme Court was concerned in Morgan v. Daniels. Compare also Johnson v. Towsley, 13 Wall. 72, 86, 20 L. Ed. 485.

Nor can the result in the Patent Office be passed off as implying the necessary conclusion that Wadsworth's action amounted only to an abandoned experiment. The board did not so find. The commissioner in no way intimated an opinion contrary to that of the board. Conceding that Wadsworth reduced his conception to practice in the full sense of the word, and that the board so found as a fact, the ultimate grant of a patent could be awarded Kries only upon a reversal of such finding, at least presumptively correct under Morgan v. Daniels, and the commissioner concededly did not reverse. The case is not one for the strict application of principles of res adjudicata in courts of law, but one of the presumption of regularity, correctness, and finality of fact decisions by administrative officers or tribunals.

But if the case properly turns only upon the weight and conclusiveness of the evidence of prior invention, I am of the opinion that the Kries patent is invalid. The entire record of the interference proceeding was stipulated into the present record. It is sufficient to here say that I was convinced by it and concur in the fact finding of the Board of Examiners in Chief. Certainly the evidence does not carry thorough conviction to the contrary, and this, I think, is sufficient

under application to the doctrine of Morgan v. Daniels, even though that case is not precisely parallel in its facts. The lack of commercial use of the invention by Wadsworth is, of course, immaterial under Corona Co. v. Dovan Corp., 276 U. S. 358, 384, 48 S. Ct. 380, 72 L. Ed. 610. No test was necessary; the operativeness, as an anticipation, of the device actually made seems to me apparent.