### BLACKMORE v. COLLINS et al.

(Circuit Court of Appeals, Sixth Circuit. June 5, 1923.)

No. 3901.

Appeal and error ⏦954(1)—Order granting or refusing preliminary injunction reviewable only for plain error in the exercise of discretion.

An order granting or denying a preliminary injunction will not be reversed by an appellate court, unless it clearly appears that the court has exercised the discretion vested in it on a wholly wrong conception of the facts or law of the case.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by Charles C. Blackmore against Jeffrey N. Collins and another. From an order denying a motion for preliminary injunction, complainant appeals. Affirmed.

For opinion below, see 286 Fed. 629.

H. A. Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr., of Dayton, Ohio, on the brief), for appellant.

Stuart C. Barnes, of Detroit, Mich. (John F. Henigan, of Jackson, Mich., and Warren, Cady, Hill & Hamblen, of Detroit, Mich., on the brief), for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. This is an appeal from an order of the District Court denying the plaintiff's motion for a preliminary injunction against the defendant Jeffrey N. Collins, enjoining him from prosecuting an action brought by him against the Hupp Motor Car Company, in the same District Court in which this action is pending, for infringement of letters patent issued to the plaintiff, Blackmore, and owned by him. The suit of Collins against the Hupp Motor Company is based upon the assumption that contracts between Blackmore and Collins, purporting to be contracts of exclusive sales agency, conveyed such a right to Collins as would enable him to maintain a suit for infringement.

It is the general rule that a reviewing court will not, upon an appeal from an order granting or denying a preliminary injunction, reverse the order of the District Court, unless it clearly appears that the court has exercised the discretion vested in it to grant or refuse such temporary injunction upon a wholly wrong conception of the facts or law of the case. Jacques Rousso v. First Nat. Bank of Detroit (No. 3770),

⏦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

287 Fed. 273, decided by this court March 13, 1923, and cases there cited.

The question of the right of the plaintiff to a temporary injunction restraining Collins from further prosecuting the case against the Hupp Motor Car Company involves practically a final determination of the substantial questions involved in the action pending in the District Court, in which this order refusing to grant a temporary injunction was entered. It further appears that these cases are both pending in the same court, and that this particular case has been assigned for hearing. It is therefore unnecessary, and we think improper, to discuss at this time the question of the merits of this case. It is sufficient to say that this court is of the opinion that the District Court, having control of both of these cases, has not abused its discretion in refusing to grant a temporary injunction.

Judgment affirmed.