NORTHROP CORPORATION v. MADDEN et al.

AIRCRAFT WORKERS' UNION, Inc., v. NYLANDER et al.

Nos. 1235–M, 1230–H.

District Court, S. D. California, Central Division.

Aug. 18, 1937.

H. W. Elliott, of Los Angeles, Cal., for plaintiffs.

William R. Walsh, of Washington, D. C., Counsel for The National Labor Relations Board, and Pierson M. Hall, U. S. Atty., of Los Angeles, Cal:, for defendants.

YANKWICH, Judge (after stating the facts as above).

The motions to dismiss the Complaints are granted.

This Court has no jurisdiction to review the action of the National Labor Relations Board and its Regional Director in calling an election at the airplane plant of the Northrop Corporation for the purpose of establishing employee representation:

The only method for reviewing the actions of the Board is that provided in Section 10 of the Act (29 U.S.C.A. § 160), after the Board has made a desist order and seeks to have it enforced through judicial action.

This mode of review is exclusive.

The National Labor Relations Act does not contemplate the review by court action of intermediate steps leading to an election to determine labor representation. Nor is such a review within the scope of the general equity power of this court. If such power existed, the acts of the Board could be questioned the moment it sets in motion the machinery for an election through judicial action, the final determination of which would result in delay. And if such attack were unsuccessful, the Board would have to begin all over again. Evidently, to avoid such contingency, the Congress provided for review by the Circuit Court of Appeal only, when action is taken by the Board to secure judicial sanction for its acts and a decree enforcing them. The action of the Board in calling the election, if it be contrary to law or in excess of its authority, would be reviewable in such proceedings. Here, for instance, the complaint that the Board has excluded certain departments from participation and that such exclusion does not conform to the requirement of the Act that the Board designate the appropriate unit for the purpose of collective bargaining, if well taken, would affect the jurisdiction of the

Board to call the election, and would be reviewable. See National Labor Relations Board .v. Jones & McLaughlin S. Corp., 1937, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352.

■ The exclusion of certain employees from the election is an injury of which they alone may complain. The employer, Northrop Corporation, is not in a position to do so.

Nor is the Aircraft Workers' Union, it not appearing that any of its members have been deprived of their right to participate.

The holding of the election involves no threat or danger to the property or contractual rights of the plaintiffs.

Granted that the Aircraft Workers' Union and the Northrop Corporation have an agreement for collective bargaining, their rights under it would not be affected by the election. Not until another bargaining agency shall have been designated and the Board, after a hearing, shall have held the corporation guilty of unfair labor practices, and shall have petitioned, for the enforcement of its order to desist, would the rights of the plaintiffs under the contract be affected. Until, at least, that contingency happens, neither plaintiff can be said to be harmed or in danger of being harmed.

■ Where a special governmental agency is established and a complete scheme is set up for the review of its acts, through court action, courts will not interfere in a manner or under conditions other than those provided. This, for the reason that the means established are the measure of the power to review and exclude all others. See, United States v. Corrick, 1936, 298 U. S. 435, 56 S.Ct. 829, 80 L.Ed. 1263; National Labor Relations Board v. Jones ·& Laughlin Steel Corp., 1937, 301 U.S. 1, 47, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352.

■ The fact that plaintiffs may fear that the ultimate action of the Board may result in harm to them does not warrant action before the harm becomes real.

■ It is not the province of courts of equity to use the extraordinary remedy of injunction to allay a litigant's fears. They will interfere only in proper cases to prevent threatened infraction of rights. Neither Complaint discloses grounds for such interference. Hence the conclusion already announced.

Leave to amend is granted within ten days.