Roman SHVETZ, Bella Rector, Joseph Rector, Alexander Shvetz, on behalf of themselves and any other stockholders similarly situated, Plaintiffs,

v.

INDUSTRIAL RAYON CORPORATION et al., Defendants.

United States District Court
S. D. New York.
April 27, 1960.

Rosen & Rosen, New York City, for plaintiff; Alex L. Rosen, New York City, of counsel.

Rubino, Franken, Kramer, Bam & Nessen, New York City, for Industrial Rayon Corp.; Arthur B. Kramer and Carl J. Rubino, New York City, of counsel.

THOMAS F. MURPHY, District Judge.

Plaintiffs, minority stockholders of Industrial Rayon Corporation (Industrial), moved on April 26th for a temporary injunction that would prevent Industrial from proceeding with a special stockholders' meeting scheduled for April 29, 1960, in Cleveland, for the purpose of considering and voting on a proposal to adopt a merger agreement with Texas Butadiene & Chemical Corporation (TB & C).

The complaint was filed on April 22, 1960, and is against Industrial and its board of directors, none of whom (except Industrial) has been served with process. Although we have some misgivings as to whether the complaint adequately pleads a derivative stockholder's action we will assume that it does and, also, assume that it states a claim in the name of the individual stockholder plaintiffs. Cf. Subin v. Goldsmith, 224 F.2d 753 (2d Cir., 1955), cert. den. 350 U.S. 883, 76 S.Ct. 136, 100 L.Ed. 779.

Both the complaint and the affidavit of Roman Shvetz in support of the motion premise their grievance on the Proxy Statement which was mailed by Industrial to the stockholders early in April 1960. The gravamen of this complaint is that the Proxy Statement is false and misleading in that it does not accurately describe many issues involved in the proposed merger and, accordingly, violates § 14(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78n) and S.E.C. Rule X–14.

Without passing on the question whether or not the proposed merger is good or bad for the stockholders of Industrial, we hold that the Proxy Statement is not false and misleading; that plaintiffs have failed to show the necessary irreparable harm that will come to them if the injunction does not issue, and have failed to show that in all probability they will be successful in the action. Finally, balancing the equities, we find that Industrial if enjoined will suffer by far the greater damage.

Before discussing the basic objections to the Proxy Statement it should be noted that the S.E.C. approved the Proxy Statement prior to its being sent to the stockholders and plaintiffs have made no application to the S.E.C. for approval of one of their own.

Plaintiffs' objections to the Proxy Statement on which they bottom their charge that it is false and misleading are five in number: (1) that the Proxy Statement does not disclose the book value of Industrial shares which the merger proposes that the TB & C stockholders will receive if the merger is approved; (2) that the statement omits to disclose the legal complications that will result in connection with TB & C's first mortgage notes; (3) that the Proxy Statement does not disclose the fact that TB & C's earnings have been overstated for the years 1958 and 1959 by reason of a change in the accounting procedure which by a bookkeeping entry have colorably increased earnings; (4) that the Proxy Statement does not fully disclose the relationship between some of the directors of Arthur D. Little, Inc. and Godfrey L. Cabot, Inc., and lastly, that the purchase by TB & C of 5,570 shares of its preferred stock prior to the merger would impair the various mortgage agreements of TB & C and expose it to immediate foreclosure liability.

On reviewing these charges and reading the Proxy Statement we find that all

of this information is sufficiently disclosed in the Proxy Statement.

▮ While it might be true that a person of limited education or nonfamiliarity with corporate finances and legal matters would find it difficult to understand many of the facets of the proposed merger, that is not the test. The statute requires the absence of false and misleading statements, as do the S.E.C. rules. Nowhere does either require that corporate reorganizations and mergers be explained in language comprehensible to school children. It was approved by the S.E.C. which acts vicariously for the investing public. No one questions its expertise.

In addition to the merits there is also posed the question whether the purpose of this last minute legal maneuver is not for some selfish interest. It is undisputed that the stockholders were advised in December 1959 in a letter from Industrial's president that this proposed merger was contemplated, albeit without the details. It is also uncontradicted that certain news stories appeared in the financial pages of the public press in December 1959 and that two of the leading stock analyst companies, Moody's and Standard's devoted some space to the proposed merger in December. It can then be fairly said that if plaintiffs are as aggrieved as they claim they are, that some earlier action on their part could have been started. Plaintiffs were given the right to inspect the stock register of Industrial and, if they wanted to, advise their fellow-stockholders of their opposition to the merger and by requesting the S.E.C. to approve a proxy solicitation on their own behalf, circulate their objections. Accordingly, one gets the impression that the present motion has other than a legal purpose.

▮▮ Holding as we do that plaintiffs have failed to sustain the heavy burden that is cast upon them to prove the Proxy Statement false and misleading, and to convince the court by a preponderance of evidence of their eventual success in the action and their irreparable injury if the injunction is not granted, we deny the motion.

This is an order. No settlement is necessary.