Murray N. KAUDER, Plaintiff,

v.

UNITED BOARD & CARTON CORPO-
RATION et al., Defendants.

United States District Court
S. D. New York.

Nov. 15, 1961.

Louis Kipnis, New York City, for
plaintiff.

Luttinger & Passannante, New York
City, Isadore Glauberman, New York
City, of counsel, for defendant, United
Board & Carton Corporation.

FEINBERG, District Judge.

Plaintiff, Murray N. Kauder, a stockholder of a New Jersey corporation, United Board & Carton Corporation ("United"), brings this action for an injunction pursuant to Section 27 of the Securities Exchange Act of 1934, as amended ("the Act"), 15 U.S.C.A. § 78aa. Plaintiff alleges a violation of Section 14(a) of the Act which makes unlawful the use of the mails to solicit any proxy in violation of the rules of the Securities and Exchange Commission ("the Commission").

Rule X–14a–9 of the Commission provides as follows:

> "No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading."

Plaintiff claims that United's proxy solicitation, which was mailed on or about October 23, 1961, for its annual meeting of stockholders scheduled for November 16, 1961, violates the foregoing Rule. Since the meeting is imminent, plaintiff by order to show cause moved for a preliminary injunction. The motion was returnable two days before the annual meeting was to take place. On the return day, a hearing was held for consideration of any further evidence and argument.

The complaint is based essentially on two charges: first, that the number of directors to be elected at the annual meeting is eleven rather than seven, as stated in the notice of the meeting; and second, that the solicitation fails to contain certain information and is, therefore, false and misleading.

Before examining these charges in greater detail, a word should be said about the Court's jurisdiction. Although United does not challenge the jurisdiction of the Court,[1] it does point out that the Court of Appeals for this Circuit has expressly left open the question of whether an individual stockholder may enforce the Commission proxy rules by an injunction action. Subin v. Goldsmith, 224 F.2d 753 (2 Cir. 1955), cert. denied, 350 U.S. 883, 76 S.Ct. 136, 100 L.Ed. 779; Howard v. Furst, 238 F.2d 790 (2 Cir. 1956). Since, as is made clear below, I am denying the motion for a preliminary injunction, the question of jurisdiction is not presented in its sharpest form and, indeed, has not been fully briefed by counsel. However, were that issue considered necessary for a determination of the motion before me, upon the record and arguments presented to this Court at this time, I would rule that jurisdiction to entertain this action exists. See Brown v. Bullock, 194 F.Supp. 207, 231 (S.D.N.Y.1961); aff'd 294 F.2d 415 (2 Cir.); 2 Loss, Securities Regulation 932 et seq. (2d Ed. 1961).

## I.

Plaintiff's first claim is that the number of directors to be elected at the annual meeting is eleven, not seven. In an affidavit, plaintiff states that in 1959 the by-laws of United were amended to provide for the larger number and that the stockholders have not voted since to reduce the Board to seven. This is contradicted by an affidavit of George Luttinger, one of the defendants, who is a member of United's Board of Directors

---

[1] Its brief filed on the motion for a preliminary injunction states (at p. 18): "We do not argue, at this juncture, the question of whether or not an individual stockholder may enforce the S. E. C. Rules by an injunction proceeding."

and a partner in the law firm acting as United's general counsel. That affidavit states that the resolution to increase the number of directors was part of a proposal whereby United was to acquire all the stock of another corporation under a July, 1959 agreement. When that deal fell through, the affidavit states that the prior resolution was "of no legal effect." In addition, it points out that at the annual stockholders' meeting held November 17, 1960, a resolution was adopted which set forth the history of the previous resolution and the reason for its alleged lapse, and made clear that the number of directors to be elected was seven, not eleven. At the hearing, plaintiff introduced as an exhibit the proxy material of the 1960 meeting. There was also testimony of Mr. Luttinger consistent with his affidavit.

On this point, I do not believe plaintiff has sufficiently met his burden of proof to justify granting a preliminary injunction. I do not feel that he has shown by "clear and convincing facts" (Dunn v. Decca Records, Inc., 120 F.Supp. 1, (S.D.N.Y.1954)) that the notice of the annual meeting violates the Proxy Rules. On the basis of the facts before me, I find that the proxy material in this regard was not improper.

## II.

■ Plaintiff's second claim is that the proxy statement fails to contain certain information and is, therefore, false and misleading. More specifically, plaintiff claims (a) that two directors mentioned in the proxy material are not really "good faith" candidates for election; (b) that there have been "deals and understandings" between the proposed directors or some of them; and (c) that certain transactions have not been disclosed in the proxy material.

The claim that two directors are not really "good faith" candidates refers to the candidacies of Ralph R. Lounsbury and Thomas A. Terry. The claim that Mr. Lounsbury is not a good faith candidate is not supported by the record before me. It is based primarily on a letter, dated October 5, 1961, written by Mr. Lounsbury to United's president in which Mr. Lounsbury states he is withdrawing as a candidate for election to the Board. However, a later letter by Mr. Lounsbury to United's president, dated October 16, 1961, incorporated in plaintiff's papers seems to make clear that Mr. Lounsbury subsequently changed his mind. Therefore, apart from the question of whether either letter is competent proof on the issue of whether Mr. Lounsbury was a bona fide candidate at the time of the mailing of the proxy material, plaintiff has not made out a case on this point. In addition, the affidavit of defendant's president unequivocally states that after he received the October 5th letter, he conferred with Mr. Lounsbury who assured him that he would remain as a candidate for the office of director. The October 16th letter from Mr. Lounsbury confirmed this.

■ The claim regarding Mr. Terry did not appear in the original complaint or moving papers and was apparently urged for the first time shortly before the actual hearing. It was based upon the fact that after the solicitation of proxies by proxy material containing Mr. Terry's name as a candidate for re-election to the Board of Directors, Mr. Terry resigned. At the hearing, no evidence was produced to show that at the time the proxy statement was sent out, defendant knew that Mr. Terry was going to resign and, in fact, Mr. Luttinger's testimony was to the contrary.

■ The second charge that the proxy statement was false and misleading deals with alleged "deals and understandings" between the proposed directors or some of them. This claim appears to be based only upon the second letter from Mr. Lounsbury referred to above. That letter to United's president refers to (a) an alleged promise by the president of United to correct those things which are "quite indefensible" and (b) a statement by Mr. Lounsbury to still another person that if this promise were not met, Mr. Lounsbury would resign. The affidavit submitted by United's president denies

he ever stated that there were "indefensible practices" at United or that there were any promises, deals or understandings made by him or anyone else, to his knowledge, to Mr. Lounsbury or any other proposed director. No other evidence was introduced by plaintiff at the hearing of any alleged deals and understandings.

The final claim that the proxy statement is false and misleading by omission is that certain transactions between management and insiders should have been disclosed in the proxy material. On this claim, plaintiff has submitted an affidavit which, inter alia, implies that United's president improperly borrowed $375,000 at a preferential rate of interest at a bank in which United keeps a balance, that a "Mrs. Passannante" is paid "$1 a ton on waste paper" and that in 1961, certain information was disclosed which should have been disclosed in 1960.

With regard to the first two items, United's president has submitted an affidavit which offers a reasonable explanation of the loan and Mr. Luttinger, who was called by plaintiff as a witness, denies the existence of the arrangement referred to with Mrs. Passannante. No other competent evidence on these two points was introduced by plaintiff at the hearing. With regard to the failure to disclose in 1960 certain information which was disclosed in 1961, this would appear to be of some, but not strong, probative value on the main issue of the instant action—whether the 1961 proxy statement is false and misleading.

With regard to all of the items outlined above and to the other charges made or implied in the papers supporting plaintiff's motion, I do not believe plaintiff has sufficiently met his burden of proof to justify granting a preliminary injunction. I do not feel that he has shown by "clear and convincing facts" that two of the directors up for election were really not "good faith" candidates, as alleged, at the time the proxy material was sent, that there have been deals and understandings between the proposed directors or some of them that should have been disclosed, or that transactions between management and insiders have not been disclosed in the proxy material which should have been disclosed. In short, I do not feel that plaintiff has shown that the proxy statement was false or misleading.

Nor do I feel that plaintiff has a fair chance of success at final hearing on these points. See Mack v. Mishkin, 172 F.Supp. 885, 888 (S.D.N.Y.1959). Courts are in agreement that the issuance of an injunction even after trial is an unusual remedy. Upon a motion for a temporary injunction, a fortiori, there should be greater reluctance to exercise this drastic power. Worthington Pump and Machinery Corp. v. Douds, 97 F.Supp. 656 (S.D.N.Y.1951). Therefore, I believe that plaintiff's motion for a preliminary injunction should be denied on the record before me.

### III.

In addition, there are other considerations which lend further support to this conclusion, although I do not regard them as necessary to it. Presumably, the material set forth in the proxy statement was submitted to the staff of the Commission for prior approval. In addition, the specific complaint in the instant case was called to their attention, according to plaintiff's attorney, in a telephone call on Wednesday, November 8, and was followed up by a letter. The Commission has taken no action in the instant case except that a member of its staff wrote plaintiff's attorney and indicated that the matters presented in the complaint appeared to be primarily factual matters for determination by the Court.[2] I feel that in an area where the primary power of protection of investors is vested in the Commission, their failure

---

2. The letter also pointed out that "Limitations of time preclude the Commission's consideration of the matter so as to reach any conclusion which would permit of participation by tomorrow, the 14th."

to take a stronger position is of some weight, particularly on a motion of this sort for preliminary relief. See Mack v. Mishkin, supra, and cases cited therein; Loss, op. cit. at 953.

Finally, since I do not feel that plaintiff has made a sufficient case of violation of the Proxy Rules, a balancing of the equities in the traditional equity sense is not, strictly speaking, essential to this decision. However, were I called upon to do so, this would be a close question. On the one hand, plaintiff's counsel stated at the argument that if the meeting of United's Board were adjourned, the present directors would continue as directors, in any event, pending a selection of their successors. However, even if the meeting is held and the stockholders do vote for directors, it also appeared that six of the same seven present directors would be continued in any event. Therefore, whether the meeting is adjourned as plaintiff desires (for how long a period plaintiff does not indicate) or whether it is held, substantially the same directors will be in charge of the corporation for an indefinite period of time.

On the other hand, the issuance of a preliminary injunction now would undoubtedly come to the attention of all stockholders. No matter how clearly it was indicated that the issuance was in no way an adjudication on the merits, it would be inevitable that at least a substantial number of stockholders would reach the conclusion that such a holding was tantamount to final determination of wrongdoing on the part of management.

Finally, if after a full hearing the Court determines that proxies were unlawfully obtained and utilized, it would appear that there is at least some authority in this District that the election might be set aside and a re-solicitation of proxies with full disclosures and a new election thereon held. See Mack v. Mishkin, supra; but cf. Dann v. Studebaker-Packard Corp., 288 F.2d 201, 215 (6 Cir. 1961), cited in Brown v. Bullock, supra at 418.

Therefore, on the record before me and under the circumstances, I find that the harm which is likely to result to defendant if the injunction is issued and is ultimately proved unwarranted outweighs the possible harm to plaintiff if the preliminary injunction is erroneously denied at this time.

Accordingly, under all of the circumstances, I determine that the motion for preliminary injunction should be denied. The foregoing shall constitute Findings of Fact and Conclusions of Law in accordance with Fed.R.Civ.P. 52(a), 28 U.S.C.A.

So ordered.