**D. Warren SHERMAN, Plaintiff,**

v.

**Victor POSNER et al., Defendants.**

**No. 66 Civ. 4044.**

United States District Court
S. D. New York.

Dec. 28, 1966.

872

Kaufman, Taylor, Kimmel & Miller, by Stanley L. Kaufman, New York City, for plaintiff.

Cole & Deitz, by Herbert J. Deitz, John T. Sullivan, Anthony J. D'Auria, New York City, for defendants.

CANNELLA, District Judge.

Plaintiff's motion, for partial summary judgment and the issuance of a preliminary injunction, is denied.

D. Warren Sherman, plaintiff, a stockholder of the DWG Cigar Corporation [hereinafter referred to as the "DWG CORP."] instituted this action to obtain a partial summary judgment and an injunction pursuant to Section 27 of the Securities Exchange Act of 1934, as amended, [hereinafter referred to as the "1934 Act"] to enjoin the consummation of an exchange offer made by DWG to the shareholders of Wilson Brothers [hereinafter referred to as "Wilson"].[1]

The plaintiff alleges violations of Sections 10 and 14(a) of the 1934 Act[2]

1. DWG is an Ohio corporation, the stock of which is listed on the New York Stock Exchange. Wilson is an Illinois corporation whose stock is listed on the American Stock Exchange. The exchange offer is, in short, that DWG is offering one share of its own $0.60 convertible preferred stock and one quarter share of its common stock for each of the 947,307 outstanding shares of Wilson. The DWG shares being offered, and the issuance of such shares in the exchange, were authorized by DWG stockholders at a meeting held on November 30, 1966. The offer is being made pursuant to a registration certificate which became effective under the Securities Act of 1933 on December 7, 1966.

2. Section 10 of the 1934 Act is found in 15 U.S.C. § 78j; Section 14(a) of the 1934 Act is found in 15 U.S.C. § 78n(a).

which make unlawful the use of the mails to solicit any proxy in violation of the rules and regulations of the Securities Exchange Commission [hereinafter referred to as "the Commission"].

Rule 14a–9(a) of the Commission provides as follows:

No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication of a proxy for the same meeting or subject matter which has become false or misleading.

The gravamen of the plaintiff's claims is that DWG's proxy solicitation, which was mailed to its stockholders on or about November 3, 1966 for a stockholder meeting held on November 30, 1966, violated the foregoing Rule in that certain information was not contained in the proxy solicitation with the result that the proxy solicitation was false and misleading. Therefore, reasons the plaintiff, the defendants should be enjoined from effectuating any action approved at the November 30, 1966 meeting.

As the exchange offer is scheduled to expire on December 28, 1966, with but a short renewal period possible, plaintiff, by order to show cause moved for a preliminary injunction. The motion was returnable on December 13, 1966 but was apparently adjourned until December 20, 1966. On December 21, 1966 oral argument was heard on the motion and further evidence was submitted for the court's consideration.

Before the extraordinary relief as is herein sought can be granted it is incumbent upon the moving party to establish (1) that they have a fair chance of success for the ultimate relief sought; (2) that they will suffer irreparable harm if the preliminary relief is not granted; and (3) that the harm which the defendants would incur as a result of the granting of the relief is commensurate with the harm to the plaintiff which is averted.[3] Upon reviewing the charges of the plaintiff and reading the Proxy Statement against the foregoing criteria, this court finds that the plaintiff has not sustained by clear and convincing proof his heavy burden of proof for the granting of a preliminary injunction.

Several considerations support this conclusion. Initially, on the basis of the record presently before it, this court does not feel that the plaintiff has a fair chance of success at a final hearing on the issues herein raised for the Proxy Statement does not appear to be false and misleading. As another member of this court noted on an earlier occasion in response to a similar motion for a preliminary injunction to enjoin the distribution of an allegedly false and misleading proxy statement, "courts are in agreement that the issuance of an injunction even after trial is an unusual remedy. Upon a motion for a temporary injunction, a fortiori, there should be greater reluctance to exercise this drastic power.[4] In the instant application the plaintiff has not offered any argument to overcome this reluctance.

In addition, this court does not recognize an unremediable injury which will inure to the plaintiff by the denial of his motion at this time. If, after a full hearing, a court did determine that the proxies herein were, in fact, unlawfully obtained and utilized, there is sufficient authority in this District which would permit the setting aside of the merger

---

3.  Mack v. Mishkin, 172 F.Supp. 885, 888 (S.D.N.Y.1959).

4.  Kauder v. United Board & Carton Corp., 199 F.Supp. 420, 423 (S.D.N.Y.1961) (Feinberg, J.).

and consolidation and a re-solicitation to be had with a new vote held thereon.[5]

Conversely, if the preliminary injunction were granted at this time irreparable injury would accrue to the defendants. Beyond a peradventure, the issuance of the injunction would come to the attention of the stockholders of the two corporations involved. And no matter how clearly it was indicated otherwise, the issuance of the injunction undoubtedly would be viewed by some as a favorable adjudication of the claims of the plaintiff. This would be tantamount to a determination of wrongdoing on the part of the DWG management. Just how this result could be remedied in the event it was found at a full hearing that the claims of the plaintiff were unfounded is not readily perceptible to this court.

Thus, on the record before it, and under the peculiar circumstances of this case, this court finds that the harm which is likely to be suffered by the defendants if the injunction is issued and is ultimately proved unwarranted, far outweighs the possible harm to the plaintiff if the preliminary injunction is erroneously denied at this time.

Finally, the decision of the Commission in this case lends further support to the conclusion found herein, although it is not to be considered necessary to it.

█ Notwithstanding the Commission's rules,[6] this court is not disposed, as some would suggest, to completely emasculate the actions of the Commission of any meaning. It is submitted that the action, or inaction, as the case may be, of the Commission is to be accorded some weight where, as in our case,[7] the information which forms the basis for an injunctive motion previously has been brought to the attention of the Commission and the Commission has presumably approved issuance of the material. "[I]n an area where the primary power of protection of investors is vested in the Commission, their failure to take a stronger position is of some weight, *particularly on a motion of this sort for preliminary relief.*"[8]

Therefore, holding as this court does that the plaintiff has failed to sustain the heavy burden that is cast upon him to prove that the Proxy Statement is false and misleading, and to convince the court by a preponderance of evidence of his eventual success in the action and his irreparable injury if the injunction is not granted, the motion is denied.

So ordered.

5. Kauder v. United Board & Carton Corp., 199 F.Supp. 420 (S.D.N.Y.1961) (Feinberg, J.); Shvetz v. Industrial Rayon Corp., 212 F.Supp. 308 (S.D.N.Y.1960); Mack v. Mishkin, 172 F.Supp. 885 (S.D. N.Y.1959).

6. Rule 14a–9(b) provides that "the fact that a proxy statement, form of proxy or other soliciting material has been filed with or examined by the Commission shall not be deemed a finding by the Commission that such material is accurate or complete or not false or misleading, or that the Commission has passed upon the merits of or approved any statement contained therein or any matter to be acted upon by security holders. No representation contrary to the foregoing shall be made."

7. See page 27 of the Registration Statement, The Prospectus for the Exchange Offer for Common Stock of Wilson Brothers, as accepted by the Commission on December 7, 1966.

8. Kauder v. United Board & Carton Corp., 199 F.Supp. 420, 423–424 (S.D.N.Y. 1961) (Emphasis supplied.) (Feinberg, J.). See also, Mack v. Mishkin, 172 F. Supp. 885 (S.D.N.Y.1959); Dunn v. Decca Records, Inc., 120 F.Supp. 1 (S.D. N.Y.1954) (Kaufman, J.).