**Jack SMITH et al., Plaintiffs,**

v.

**The NEWPORT NATIONAL BANK et al., Defendants.**

**Civ. A. No. 4522.**

United States District Court, D. Rhode Island.

May 4, 1971.

Abraham Belilove, Samuel Kolodney, of Arcaro, Belilove & Kolodney, Providence, R. I., for certain intervening plaintiffs.

Peter J. McGinn, John J. Partridge, of Tillinghast, Collins & Graham, Providence, R. I., for Old Colony Cooperative Bank.

Francis J. Boyle, Jeremiah C. Lynch, Laurent L. Rousseau, of Moore, Virgadamo, Boyle & Lynch, Newport, R. I., for The Newport National Bank.

Ambrose W. Carroll, Joseph A. Kelly, Providence, R. I., for James L. Murphy and Irma DeCotis, executors under the will of Cornelius C. Moore.

Matthew J. Faerber, Newport, R. I., for defendant intervenor.

Leonard DeCof, Michael A. Silverstein, Providence, R. I., for Samuel Z. Bazarsky (Director—Newport National Bank).

Joseph J. Nicholson, Newport, R. I., for William Perry (Newport National Bank).

Edward B. Corcoran, Newport, R. I., for W. Harry Groff (Newport National Bank).

## OPINION

DAY, Chief Judge.

This is a class action instituted by the plaintiffs Jack Smith and Patricia Smith, his wife, and Frederick S. Dannin, individually, and in his .capacity as Administrator of the Estate of Harry Dannin, on their own behalf and on behalf of all other stockholders of the defendant, The Newport National Bank, who are similarly situated. The other defendants are Old Colony Cooperative Bank, sixteen individuals, all of whom are directors of The Newport National Bank, and three of whom are also officers thereof, and the Executors of the Estate of Cornelius C. Moore.

The jurisdiction of this Court is based upon Section 14(e) of the Securities Exchange Act of 1934, as amended, 15 U. S.C. § 78n(e) and S.E.C. Rule 10b–5, 17

Hayden Covington, Barrington, R. I., Zalman Newman, Newport, R. I., Samuel Weintraub, Providence, R. I., for plaintiffs.

C.F.R. 240.10b–5, promulgated thereunder by the Securities and Exchange Commission.

In their lengthy complaint the plaintiffs allege in substance that all of the defendants, except said Executors of the Estate of Cornelius C. Moore, violated the provisions of said Section 14(e) of said Act and of said Rule 10b–5 by mailing out, on January 15, 1971, a recommendation to all of the stockholders of The Newport National Bank that they accept the tender offer of the defendant, Old Colony Cooperative Bank, to purchase their shares of stock of The Newport National Bank for a price of $70 per share, which tender offer by its terms would expire on February 15, 1971; that said defendants violated and conspired to violate the fraud provisions of said Securities Exchange Act in that they did not make a full disclosure of all the facts and circumstances and that said tender offer of Seventy Dollars ($70) was not a fair and reasonable offer under the existing circumstances; that said offer antedated by several days the sale by said Executors of said Estate of Cornelius C. Moore to the defendant Old Colony Cooperative Bank of 11,500 shares of said stock of The Newport National Bank at a price of $101 per share; that the defendants failed to advise the stockholders to whom said recommendation was sent on January 15, 1971 of the price paid by Old Colony Cooperative Bank for said shares of stock; and that their failure to notify said stockholders of the price paid for the stock owned by said Estate of Cornelius C. Moore and the failure of Old Colony Cooperative Bank to make a tender offer to said stockholders to purchase their stock at a price of $101 per share constituted fraud in violation of said Section 14(e) and said S.E.C. Rule 10b–5.

The complaint also contains further allegations of an alleged conspiracy among the defendants, except said Executors of said Estate of Cornelius C. Moore, to the end that said directors and officers would continue in office in the event said defendant Old Colony Cooperative Bank gained control of said The Newport National Bank as a result of which said defendant directors failed to send out a new notice of information as to the price that Old Colony Cooperative Bank had paid for the stock owned by the said estate in violation of said Section 14(e) and said Rule 10b–5; that "because of the conspiracy the defendant directors deprived the Plaintiffs and the class for whom they sue, of the opportunity of obtaining higher offers for their stock from other bidders and also to make them beholden and captive to the offer submitted by the Old Colony Cooperative Bank".

Plaintiffs further allege that as a result of said unlawful conspiracy the plaintiffs and the members of said class have been injured in their rights and "but for the unlawful acts of the Defendants they would have received the same price for their shares of stock as that agreed to by the Defendant Old Colony Cooperative Bank and the Executors of the Estate of Cornelius C. Moore"; that the unlawful acts and conspiracy are continuing and have caused irreparable injury to be suffered by the plaintiffs and the members of the class for whom they sue; that plaintiffs have no complete and adequate remedy at law and that said violations of the Securities Exchange Act and said rule should be enjoined; that as a result of the acts of said defendants, except the Executors of the Estate of Cornelius C. Moore, they and the members of the class for whom they sue have sustained damage "in the approximate amount of One Million Five Hundred Three Thousand Five Hundred Dollars ($1,503,500)".

In their complaint, as a second cause of action, the plaintiffs allege that said Estate of Cornelius C. Moore has unlawfully and illegally profited and was unjustly enriched by the action of its Executors in selling the stock owned by said estate to the defendant Old Colony Cooperative Bank at a price of $101 per share; and that as a result of said sale they and the members of the class for

whom they sue and The Newport National Bank sustained damage in the approximate amount of Three Hundred Fifty-six Thousand Five Hundred Dollars ($356,500).

In their complaint plaintiffs sought a restraining order enjoining the Old Colony Cooperative Bank from taking any steps to consummate said tender offer dated January 15, 1971, and from consummating the purchase of said shares of stock from said Estate of Cornelius C. Moore, and for general relief incident thereto, and seek a preliminary injunction granting similar relief and ask that upon final hearing said preliminary injunction be made permanent.

Plaintiffs additionally seek the entry by this Court of a declaratory judgment that said recommendation of January 15, 1971 that the stockholders of The Newport National Bank accept said tender offer was invalid and in violation of said Section 14(e) of said Act and said Rule 10b–5, and the entry of judgment in their favor in the sum of One Million Five Hundred Three Thousand Five Hundred Dollars ($1,503,500) against all of the defendants except said Executors of the Estate of Cornelius C. Moore and the entry of judgment in their favor against said Executors and the Estate of Cornelius C. Moore "in the total of approximately Three Hundred Fifty-six Thousand Five Hundred Dollars ($356,-500)". In addition they seek an award of reasonable attorneys' fees and costs.

Plaintiffs' complaint was filed in this Court on February 8, 1971. Upon the same date, on the application by counsel for the plaintiffs and their certificate filed pursuant to Rule 65(b) of F.R.Civ. P., I entered a temporary restraining order enjoining the carrying out of the terms and provisions of said tender offer of January 15, 1971 in order to maintain the status quo of the parties hereto pending a hearing on the plaintiffs' application for a preliminary injunction.

Said application for a preliminary injunction was subsequently assigned by me for hearing on February 12, 1971. On that date plaintiffs began the presentation of testimony in support of said application. On the same date I permitted the Successor Trustee of the Estate of Hannah Lyon, a stockholder of The Newport National Bank, who wished to accept said tender offer of January 15, 1971 in behalf of said estate, to intervene as a party in this action. The presentation of testimonial and other evidence and oral arguments by counsel for the parties consumed sixteen (16) trial days. At the conclusion thereof I reserved decision pending the filing by counsel for the parties of memoranda which have been carefully considered by me.

It is well settled that an application for a preliminary injunction is addressed to the sound discretion of the trial court. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944); Hannan v. City of Haverhill, 120 F.2d 87 (1st Cir. 1941). As a prerequisite to the issuance of a preliminary injunction in their favor the plaintiffs must establish by a fair preponderance of the evidence that there is a reasonable probability that they will prevail on the merits after trial, that it is likely they will suffer certain and irreparable damage pendente lite unless the preliminary injunction is granted and that the harm to them outweighs the injury to others if it is denied. Bath Industries, Inc. v. Blot, 427 F.2d 97 (7th Cir. 1970); Electronic Specialty Co. v. International Controls Corp., 409 F.2d 937 (2d Cir. 1969); Automatic Radio Mfg. Co., Inc. v. Ford Motor Company, 390 F.2d 113 (1st Cir. 1968); Symington Wayne Corporation v. Dresser Industries, Inc., 383 F.2d 840 (2d Cir. 1968); Ikirt v. Lee National Corporation et al., 358 F.2d 726 (3d Cir. 1966); Goldberg v. First Devonshire Corporation, 320 F. Supp. 780 (S.D.N.Y.1970); Gordon & Co. v. Board of Governors of Federal Reserve System, 317 F.Supp. 1045 (D. Mass.1970); Atlantic Wool Combing Company v. Fibre Corp., 306 F.Supp. 69 (D.R.I.1969); Armour & Co. v. General

Host Corporation, 296 F.Supp. 470 (S. D.N.Y.1969); Sherman v. Posner, 266 F.Supp. 871 (S.D.N.Y.1966).

■ It would serve no useful purpose and unduly prolong this opinion for me to undertake to summarize the voluminous testimony and exhibits presented during said protracted hearing. In my considered judgment there is no credible evidence to support a finding that the defendant officers and directors of The Newport National Bank entered into a conspiracy with the Old Colony Cooperative Bank to enable it to acquire control of The Newport National Bank and thereby to better their positions. Such a charge made by the plaintiffs in their complaint is, in my opinion, utterly false and without any foundation whatsoever in the evidence. On the contrary, I am convinced that said officers and directors in recommending to the stockholders of The Newport National Bank that they accept said tender offer of Old Colony Cooperative Bank to purchase their stock at $70 per share acted honestly and sincerely for the protection of said stockholders and the best interests of The Newport National Bank. At the time of their recommendation the market price for said stock ranged between $40 and $50 per share and the book value per share was substantially less than either of these amounts. Additionally, said tender offer was directed to all of the stockholders of The Newport National Bank and not to a limited segment of them. In my opinion the evidence falls far short of establishing any violation by said officers and directors of the provisions of said Section 14(e) of the Securities Exchange Act of 1934 or of said Rule 10b–5.

From the allegations of said complaint and the testimony of Jack Smith, the only plaintiff who testified during said hearing and who signed said complaint, it is crystal clear that the ultimate relief sought in this action by the plaintiffs is monetary damages. In fact, he testified that he was seeking in this action to recover the difference between the price per share set forth in said tender offer and the sum of $101 per share paid by Old Colony Cooperative Bank for the stock owned by said Estate of Cornelius C. Moore and he disclaimed that he had suffered any other injury from the alleged acts of the defendants. In their complaint the plaintiffs and the class for whom they sue seek damages in the amount of $1,503,500 and have claimed a trial by jury. There has been no showing that, if the plaintiffs' claims have merit, they do not have an adequate remedy at law.

The evidence presented also establishes that the holders of more than 4,000 shares of the capital stock of The Newport National Bank have either delivered certificates of their stock to Old Colony Cooperative Bank and are awaiting payment therefor, or have indicated to it their desire to accept said tender offer. If the plaintiffs' application for a preliminary injunction is granted, these stockholders might be irreparably injured should no later opportunity to sell their stock for $70 per share arise. In my opinion the balance of hardships tips decidedly against the grant of said preliminary injunction.

Finding, as I do, that the plaintiffs have failed to establish that they will suffer certain and irreparable damage pendente lite unless said preliminary injunction is granted and that the balance of hardships tips decidedly against the grant thereof, the plaintiffs' application for said preliminary injunction must be and it hereby is denied.